JOHN H. WALTON, plaintiff in error, *vs.* W. A. LITTLE, defendant in error.

Where an attorney recovers different parcels of land for his client, under a written agreement that the attorney should have a particular lot so recovered for his services, and there is no evidence of fraud, or that the services were not worth what was contracted for, the attorney, under section 1979, Revised Code, can claim such lot against the lien of a judgment existing against his client at the time the agreement was made, the more especially if the creditor never sought to enforce his judgments against the land until subsequent to its recovery, after a protracted litigation on the part of defendant and his attorney.

Attorney's lien.  Judgments.  Before Judge JAMES JOHNSON.  Talbot Superior Court.  September Term, 1873.

An execution in favor of John H. Walton against Thomas Baldwin, for $508 51, principal, besides interest and costs,

based upon a judgment recovered at the October term, 1866, of Harris Superior Court, was levied upon lot of land number one hundred and seventy, in the seventeenth district of Talbot county, as the property of the defendant. The lot levied on was claimed by W. A. Little.

Upon the trial of the issue thus formed, it appeared that in 1866 the defendant in execution made a contract with the claimant, as an attorney at law, to sue for lots of land numbers one hundred and sixty-nine and one hundred and seventy, in the district aforesaid, promising to convey to him lot one hundred and seventy for his services; that he recovered said land for his client; that, subsequently, one Robert Baldwin, as administrator upon the estate of a Mrs. Taylor, filed a bill to recover said property, setting up a parol agreement between his intestate and said defendant in execution as to the same; that claimant successfully defended this proceeding; that the defendant then, on the 18th day of September, 1871, conveyed lot one hundred and seventy to him.

The Court charged the jury that, under the facts aforesaid, the property levied on was not subject to the execution, and a verdict was returned accordingly.

The plaintiff excepted to said charge, and now assigns error thereon.

E. H. WORRILL, for plaintiff in error.

W. A. LITTLE; HENRY L. BENNING, for defendant.

TRIPPE, Judge.

Section 1979, Revised Code, provides that "the Attorney's lien shall attach for his fees * * upon all property recovered by him, and shall be superior to all other liens thereon." There was no objection made on the ground of fraud between the attorney and client, as against creditors, or that the attorney's services were not fully worth the fee contracted for. The lot of land which was to be given for the services was worth about one-third of the whole land recovered. The liti-

gation was pending for many years, and in two forums. If there had been no recovery there would have been no compensation. The claim then of the attorney was good and uncontested for the amount he had contracted for. To that extent it was superior to the judgment creditors: *Morrison, Heard & Company vs. Ponder et al.*, 45 *Georgia*, 167. This being so, had lot one hundred and seventy been ordered to be sold, the attorney would have taken the proceeds. It would have availed the plaintiff in execution nothing. Why then go through the farce of a sale, the costs of which would have fallen on the claimant, the attorney? The attorney had a claim, a lien on the whole land recovered, to the extent of lot one hundred and seventy. He held a deed to that lot. Why not permit him to assert his title, his right in the claim case? Everything could have been determined on the trial of that issue as well as in any other proceeding. No one was hurt by it, and no right lost or put at hazard thereby.

Judgment affirmed.