BROWN *vs.* WEST *et al.*

|70|201|
|---|---|
|93|539|

|70|201|
|---|---|
|118|210|

1. The evidence was conflicting, and the jury believed the defendant; the court below ratified their verdict, and this court will not interfere.

2. Where a wife's money was used to pay for land to which title was taken in the name of the husband, in an effort to subject the land by a mortgage creditor of the husband, the controlling question was whether the creditor gave credit to the husband on the faith of that property and without notice of the wife's equity. If so, he could subject it; but if he did not give credit on the faith of that property, and knew of the wife's equity, he could not subject it. If credit was given on the faith of other property, he would not be hurt by the existence of a secret equity in the wife.

April 17 1883.

Husband and Wife. Debtor and Creditor. Before Judge LAWSON. Greene Superior Court. September Term, 1882.

Reported in the decision.

John C. Reed; L. E. Bleckley, for plaintiff in error.

W. H. Branch, for defendants.

Jackson, Chief Justice.

This is a writ of error to the refusal of a new trial by the court below. The property was levied on by a mortgage *fi. fa.*, as belonging to the defendant in that *fi. fa.*; his wife claimed it, because her money paid for it, and because, when the mortgage was made by her husband, the plaintiff had notice that her money paid for it.

1. The evidence before the jury is conflicting on the question of notice. The plaintiff swears that he had none; the defendant swears that he told him that the land was his wife's, and that her money paid for it. The jury believed the defendant; the court below ratified their verdict; this court does not interfere in such cases.

2. The court charged that, if the jury believed from the evidence "that plaintiff gave credit to the defendant in *fi. fa.*, on the faith of the land in controversy, and had no knowledge of the secret equity of claimant, that they ought to find for plaintiff. But if they believed that plaintiff did not give credit to defendant on the faith of the land, and did have knowledge of the equitable claim of claimant, then they ought to find for claimant." Error is assigned here, that this charge is erroneous in relation to plaintiffs giving credit to the defendant on the faith of the land.

We do not see the error. The evidence is uncontradicted that the wife's money paid for the land. If so, it was hers, unless plaintiff's mortgage took it from her, because the legal title was in the defendant, and plaintiff did not know of her equitable title, and not knowing it, credited defendant on the idea that he had title to the land. If he credited him on other property, he was not hurt by this equitable

title being unknown to him; but if he credited him on the belief that the title, the good, complete title, was in him, then he was hurt by the claimant's setting it up, when he was ignorant of it. The court, we think, put the issue squarely on the facts on which the law would decide it between the parties, and the judgment is affirmed.

Judgment affirmed.