### KENNEDY vs. LEE.

Although a wife's money may have paid for land, yet if the deed was taken in the name of her husband, and by her direction he returned the land for taxation as his own, and if he so represented it to one from whom he sought credit, and obtained it on the faith of the property being his, the creditor having no notice of the wife's right, the land would be subject for the debt, notwithstanding the

wife's equity, and notwithstanding that, after the credit was given, she procured the first deed to be canceled, and a deed to be made to her by the vendor.

(a.) The facts in the case warranted the charge.

(b.) If one of two innocent persons enables a thira party to cheat the other innocent person, he who put it in the power of the wrong-doer to do the wrong must suffer, rather than he who in no way empowered the wrong-doer or contributed to the injury.

(c.) Dealings between husband and wife are to be scanned closely, as the relation of the parties facilitates the commission of fraud, which is always private and subtle.

October 2, 1883.

Husband and Wife. Fraud. Debtor and Creditor. Before Judge CLARKE. Terrell Superior Court. May Term, 1883.

Lee obtained judgment on a note made by Kennedy to Stevens, or bearer, and levied on certain property, which was claimed by Mrs. Kennedy, the wife of defendant. On the trial, the evidence showed the following facts: Kennedy bought for his wife, with her money, a lot from one Morrow, who was acting as agent for his mother, in 1875. When the last payment was made, the deed was made by Morrow to Kennedy, without mentioning his wife. In 1879 and 1880, at her request, Kennedy returned the land for tax as his own. This was done, as she testified, because she "thought it would look better." On April 10, 1880, Kennedy gave the note which formed the basis of the judgment. When the deed to Kennedy was delivered to him, his wife was dissatisfied, and they wanted it corrected; but the vendor lived in Florida, and it could not be done at once. The deed to Kennedy was held, and not recorded for about two years, and was then delivered up, and a deed was made to his wife; this was done about the time the judgment was rendered (May, 1881), but it was dated July 19, 1880. Stevens, to whom the note was given, and who traded it to the plaintiff, testified that Kennedy stated that the title to the property was in him, and credit

was given on the faith of such statement. This was denied by Kennedy.

The jury found the land levied on subject, and certain personalty, which had been levied on, not subject. Claimant moved for a new trial, because the verdict was contrary to law and evidence, and because the court charged as stated in the decision.

The motion was overruled, and claimant excepted.

L. C. HOYL, for plaintiff in error.

PICKETT & PARKS; J. H. GUERRY, for defendant.

JACKSON, Chief Justice.

This was a levy on property as the husband's, and claim made to it by the wife. The judge charged the jury that " if Mrs. Kennedy's money paid for the land, but the deed was made to Mr. Kennedy, and while it remained so, Kennedy gave out that the land was his; by her direction returned it for taxes as his own; so represented it to Stevens at the time of obtaining the credit for which the note to Stevens was given; and Stevens gave him that credit on the faith of that property being his, without notice of her right, then the land is subject, notwithstanding Mrs. Kennedy had an equitable right to the land, and notwithstanding she afterwards procured the first deed to be canceled' and a deed to be made to her by the vendor."

In view of the facts disclosed by the record, we see no error in the charge. Those facts are sufficient to authorize such a charge, if otherwise the law. It is the law, if the facts authorize it. The principle is universal, that if one of two innocent persons enable a third person to cheat the other innocent person, he who put it in the power of the wrong-doer to do the wrong, though innocent of intention to do wrong himself, must suffer, rather than he who received the wrong, without directly or indirectly empowering or contributing to it.

It is another principle well known to our reports, that dealings between husband and· wife are to be scanned closely, as the relation facilitates the commission of that fraud which is always private and subtle. The· case ,at bar presents these as its prominent features. Husband and wife in the possession of land—no deed on record— first deed made by agent or vendor to husband—some two years after, deed to wife—that deed antedated—by direction of wife, taxes returned by husband on the property as his own, " because it would look better"—property represented as his own, when credit was given him by the plaintiff; and that credit given him on the strength of this representation, and before any deed to wife, and without any notice of any right, legal or equitable, in the wife, to the creditor. These features, under the rulings of this court, exhibit a countenance with which plain and open dealing does not fall in love, and not that honest front which the law admires. Certainly the wife put it in the power of her husband to get credit on the strength of this land, and to cheat this creditor, if the jury believed him; and having done so, his equity is superior to hers, kept secret and hidden from him and the world at the time he gave the credit.

*Brown vs. West et al.,* 70 *Ga.,* 201; 68 *Ga.,* 524; 60 *Ib.,* 82; 50 *Ib.,* 69; 57 *Ib.,* 235; 56 *Ib.,* 79; 61 *Ib.,* 171, 345; 63 *Ib.,* 307.

Judgment affirmed.