## O'BRIEN *vs.* WHITEHEAD *et al.*

Complainant in an equity case obtained a decree that, upon paying the defendant two thousand dollars within six months, the latter should convey to him a certain tract of land, the defendant having contended in the litigation that the complainant should pay him $4,500. Complainant's attorneys recorded their lien against the land. Complainant procured a third party to advance the money due under the decree; defendant conveyed the land to the plaint-

O'Brien *vs.* Whitehead *et al.*

iff, who conveyed it to the third party as security for the money so advanced.  The attorneys foreclosed their lien and caused the land to be levied on, and a claim was interposed:

*Held*, that the lien of the attorneys attached to the land when it was conveyed to the complainant, and followed it into the hands of the person to whom the complainant conveyed it.

February 9, 1886.

Attorney and Client.  Liens.  Before Judge LUMPKIN. Hancock Superior Court.  April Adjourned Term, 1885.

Reported in the decision.

JAMES A. HARLEY, for plaintiff in error.

REESE & LITTLE; JORDAN & LEWIS, for defendants.

BLANDFORD, Justice.

Stephen Smith filed his bill against one Walker, and obtained a decree that Walker should convey to him a certain tract of land upon his paying Walker two thousand dollars within six months after the rendition of the decree. Walker contended in that litigation that Smith should pay forty-five hundred dollars, but the decree was for two thousand dollars, to be paid by Smith to Walker.  Whitehead and W. M. & M. P. Reese represented Smith in that litigation, and recorded their lien, as attorneys, against the land decreed to be conveyed by Walker to Smith. Smith procured O'Brien to advance the money due by the decree to Walker, and Walker conveyed the land to Smith, and Smith conveyed the land to O'Brien as security for the money advanced by O'Brien to Walker for Smith. The attorneys foreclosed their lien against the land, and caused the land to be levied on, when O'Brien interposed a claim thereto.  On the trial of the claim case, the court held and decided that the land was subject to the attorneys' lien.  This is the only error assigned and complained of.

It is manifest that the labor and services of the attor-

neys benefited Smith twenty-five hundred dollars, and when he complied with the decree and paid, or caused to be paid to Walker, the two thousand dollars therein provided, and Walker conveyed the land to Smith, that the lien of the attorneys attached to the land, and was not diverted by the conveyance from Smith to O'Brien. So we think that when O'Brien took the deed from Smith, he took the land subject to the encumbrance of the attorneys' lien, whose services had recovered the land. This lien followed the land into whosesoever hands it might come, after the title had been put into Smith by the conveyance from Walker.

So we think the court did not err in his ruling complained of.

Judgment affirmed.