HOBBS *v.* THE GEORGIA LOAN AND TRUST COMPANY.

SIMMONS, C. J.—The evidence showing conclusively that the legal title to the land levied upon was in the defendant in execution, and there being no evidence to show that, even if the claimant had a secret equity in the land, the plaintiff in execution had any notice or knowledge thereof at the time of extending credit to the defendant in execution on the faith of his title, there was no error in directing a verdict for the plaintiff in execution.

April 29, 1895. Brought forward from the last term.    *Judgment affirmed.*

Levy and claim. Before Judge BUTT. Harris superior court. April term, 1894.

An execution against W. R. Hobbs, from a judgment of October 10, 1892, was levied upon 120 acres "on north side" of lot 211 in the 18th district of Harris county. A claim was interposed by Miss A. E. Hobbs, for herself and on behalf of her sister Katherine Hobbs, who she averred was *non compos mentis*. The court directed a verdict for the plaintiff. The evidence for plaintiff was: Defendant in *fi. fa.* was in possession of

the land at the time of the levy, and was served with notice of the levy. The levying officer knew that the claimant and her sister lived on the land, but he considered defendant in possession. Hardy Hobbs, father of claimant and defendant, died several years ago on this land; defendant lives close to where his father died; the levying officer did not know whether on the same lot or not, but on a part of the Hardy Hobbs land. Plaintiff introduced a warranty deed from Hardy Hobbs to W. R. Hobbs, duly executed and recorded, conveying the land in dispute and other lands; also, deed from W. R. Hobbs to plaintiff, conveying the land in dispute; and deed from plaintiff to W. R. Hobbs, filed and recorded with the clerk of the superior court. The dates of these deeds do not appear.

The testimony for claimant was: Hardy Hobbs owed W. R. Hobbs money, and made the deed first above mentioned to secure its payment, but before he died, had paid the money. How much it was the witnesses did not know, but he paid it at different times and in different amounts, and claimant counted a part of the money. Hardy Hobbs died about ten years ago, on the land where he lived. Defendant lives on a part of the land embraced in the deed from Hardy Hobbs to him; received the deed; and has given in the land in dispute as his own, and paid the taxes since he received the deed. His sisters, the claimant and Katherine Hobbs, lived with his father, and have lived at the same place since his father's death, together with his mother, and since the death of his mother have still resided at the old home. Defendant and claimants are the only heirs, and the three are working the land now and have been since defendant took the deed. Katherine Hobbs is *non compos mentis.* The mother of A. E. Hobbs, before her death, gave said A. E. and her sister her interest in the land, but gave no writing conveying it; and they have been in possession since, claiming it as their own.

R. A. RUSSELL and C. J. THORNTON, for plaintiff in error.

J. H. MARTIN, J. H. WORRILL and B. H. WALTON, *contra*.