## LOVETT v. MOORE.

1. An attorney at law who successfully defends an action for the recovery of property, real or personal, recovers the same within the meaning of section 1989 of the code, and by virtue of such recovery is entitled, to the extent of his fees, to a lien upon the property so recovered. His claim of lien arises upon his employment, and is perfected by the ultimate recovery of a judgment for his client and record of his lien, and binds the property so recovered as against the owner and all others, save only *bona fide* purchasers without notice.

2. In such a case, if, pending the litigation out of which such a claim of lien arises, the client, by way of securing a pre-existing debt, executes a deed conveying to another the property involved, the grantee in such deed takes subject to the existing inchoate right of the attorney whose claim of lien is ultimately established by a judgment in favor of his client.

February 29, 1896.

Levy and claim    Before Judge Gamble.    Burke superior court.    May term, 1895.

An execution of favor of R. O. Lovett against J. E. Sapp, based upon a judgment of December 9, 1893, was levied upon certain land which was claimed by James B. Moore. Upon the trial the following facts were admitted:    In 1887 a suit was filed in the superior court by the children of W. B. Jones against J. E. Sapp, to recover a tract of land, part of which was the land involved in the present case.    Said suit was removed into the U. S. circuit court, and decree was there rendered in December, 1891, determining that the property levied on was the property of Sapp.    Lovett was the attorney for Sapp in said litigation, and after the

determination of the cause, filed and had recorded, within the time allowed by law, his lien for fees against the property secured to Sapp by the decree, and the execution in the present case is the execution issuing from foreclosure of that lien, the date of the lien being December 18, 1891. In 1885 Sapp mortgaged the land to J. F. Bolles, to secure the same debt afterwards secured by deed, and in March, 1890, made to Bolles a deed under §§1969 and 1970 of the code, as security for the debt, this deed covering the land levied on. This deed contained also power of attorney to Bolles, his heirs, executors, administrators and assigns, to sell said land upon failure of Sapp to pay the debt secured by the deed. In August, 1893, Bolles' administrator, acting under this power of attorney, sold the land at public sale and it was bid off by claimant.

The judge held that the land was not subject, and directed a verdict accordingly. Plaintiff excepted.

*R. O. Lovett*, pro se. *Lawson & Scales*, contra.

ATKINSON, Justice.

The facts are stated in the official report.

1. The lien of the attorney, if any, rests upon section 1989 of the code. That section provides that, "Upon all suits for the recovery of real and personal property, and upon all judgments or decrees for the recovery of the same, attorneys at law shall have a lien on the property recovered, for their fees, superior to all liens but liens for taxes, which may be enforced by said attorneys at law, or their lawful representatives, as liens on personal and real estate, by mortgage and foreclosure, and the property recovered shall remain subject to said liens, unless transferred to *bona fide* purchasers without notice." It has long been the established law of this State, that the attorneys at law of a plaintiff suing for and recovering land, are entitled to the lien provided for in the language above quoted. See *Wilson* v. *Wright*, 72 *Ga.* 848, and cases there cited. See also *Fry et*

*al.* v. *Calder et al.,* 74 *Ga.* 7.    In the rendition of the last cited decision, this court appears to have overlooked the provision in the same section of the code which we are now about to quote, and to have rested its conclusion upon the idea that the successful defense of a suit wherein it was sought to subject the property of an owner of land to the lien of certain alleged mechanics' lien *fi. fas.* was equivalent to a recovery, and therefore the lien of the attorneys in that case was allowed; but the section of the code above referred to expressly makes provision for such a case, for it is provided therein that "The same liens and modes of enforcement thereof, which are allowed by this section, or by preceding laws, to attorneys at law who are employed to sue for any property, upon the property recovered, shall be equally allowed to attorneys at law employed and serving in defense against such suits in case the defense is successful."

Under the facts of the present case, if, instead of representing the defendant in the ejectment suit, the plaintiff in error had represented the plaintiff, he would be entitled to the lien for his fees claimed in the present case, and if, as representing the plaintiff, he was entitled to such a lien, then by express provision of the law, as last above quoted, he is entitled to a lien, he having successfully represented the defendant.

2. Nor can his lien thus allowed be defeated by a transfer of the property by the defendant pending the litigation. A purchaser, under such circumstances, takes with notice of, and consequently subject to the inchoate right of the attorney whose claim of lien is ultimately established by a judgment in favor of his client.    In the case of *Fry* v. *Calder,* above cited, it was expressly ruled that *lis pendens* was such notice as would prevent one from becoming an innocent purchaser from the client so as to defeat the lien of the attorney; and where, as in the present case, the right of an attorney to a lien is set up, and he proceeds thereafter to establish the same in the manner pointed out by law, he cannot be de-

feated by an adverse claim alleged to exist by virtue of a conveyance from the client, made pending the litigation out of which the lien of the attorney sought to be enforced arose. It is unnecessary for the purposes of this case to inquire whether the power of sale provided for could be still exercised by the administrator of such purchaser.

*Judgment reversed.*