## ATLANTA AND CAROLINA RAILWAY COMPANY *v.* CAROLINA PORTLAND CEMENT COMPANY *et al.*

FISH, C. J.   1. Three general creditors holding small claims against an electric interurban railway company, without lien upon the property or interest therein or claim thereto, have no right to have a receiver appointed, by alleging insolvency on the part of the company, and inability to complete the building of the road and to carry out the enterprise for which it was organized. *Dodge* v. *Pyrolusite Manganese Co.,* 69 *Ga.* 665; *Scott* v. *Jones,* 74 *Ga.* 762 (4); *Guilmartin* v. *Middle Ga. &c. Ry. Co.,* 101 *Ga.* 565 (29 S. E. 189); *McKenzie* v. *Thomas,* 118 *Ga.* 728 (6), 736 (45 S. E. 610); *Barnesville Mfg. Co.* v. *Schofield Co.,* 118 *Ga.* 664 (45 S. E. 455); *Virginia-Carolina Chemical Co.* v. *Provident &c. Ins. Co.,* 126 *Ga.* 50 (54 S. E. 929); *Spence* v. *Solomons Co.,* 129 *Ga.* 31 (58 S. E. 463); Civil Code, § 5495.

2. Intervenors take the case as they find it. *Charleston &c. Ry. Co.* v. *Pope,* 122 *Ga.* 577 (50 S. E. 374); *Seaboard Air-Line Ry.* v. *Knickerbocker Trust Co.,* 125 *Ga.* 463 (54 S. E. 138); *McCaskill* v. *Bower,* 126 *Ga.* 341, 343 (54 S. E. 942); *Booth* v. *State,* 131 *Ga.* 750 (4), 760 (63 S. E. 502). The filing of an intervention by two attorneys who claimed that the defendant owed them attorney's fees which were to be paid from the proceeds of the sale of bonds issued by the company, or from the proceeds of other property, or from other funds, not alleging that there were any such funds arising from the sale of bonds, or showing that they had any interest therein, did not save the petition of the original creditors from being demurrable, and was itself demurrable.

3. Neither did the filing of an intervention by several individual bondholders, who showed no reason why they had a right to proceed otherwise than through the trustees to whom mortgages were given to secure the payment of the bonds, suffice to save the original petition from demurrer; and such intervention was itself demurrable.

4. The trustees of the bondholders were made parties defendant to the petition. They filed an answer in which they stated that for want of

information they were unable to admit or deny the substantial allegations made by the petition. They alleged, on information and belief, that an execution had been levied on the furniture and other property contained in the office of the company and it had been closed; that suit had been brought against it by the holder of a note for $10,000; that in order to acquire a continuous right of way for its railway, in certain instances, condemnation proceedings had been taken and assessment of damages had been made, but that the amounts assessed had not been paid by the company, and title had not been acquired; and that taxes were due and had not been paid. They averred that their only interest was that the property and franchises of the company should be conserved for the benefit of the bondholders, whom they represented. They prayed, that strict proof be made of all the allegations of the original petition and interventions, that the court make due investigation of the affirmative allegations made in its answer, and, "if in the judgment of the court it is necessary for the best interests of said bondholders that receiver be appointed," that the court so direct. The mortgage was not set out, nor were there any allegations appropriate. to its foreclosure. *Held*, that the filing of this answer furnished no reason against the sustaining of the demurrer of the corporation to the original petition and the interventions. *Judgment reversed. All the Justices concur.*
                    OCTOBER 2, 1913.

Equitable petition. Before Judge Ellis. Fulton superior court. March 9, 1912.

*Simmons & Simmons,* for plaintiff in error.

*Evins & Spence, Slaton & Phillips, E. V. Carter,* and *Robert C. & Philip H. Alston,* contra.