## WORSHAM *et al. v.* LIGON.

1. Where a written agreement is entered into between the original parties to a case, confining the issue to be tried to a single question, this agreement is binding not only upon the original parties but on others who come into the case by intervention. Intervenors must take a case as they find it.

2. One who files an application for intervention in a case and has his application refused by the trial court obtains a final adjudication as to him; and where he excepts pendente lite to such judgment, he can not tack such exception on to a motion for a new trial made by others who were parties to the case in the court below, and have such exception heard and determined by this court. The method of review in such a case is by a direct bill of exceptions.

3. There was sufficient evidence to authorize the verdict.

MAY 17, 1917. REHEARING DENIED JUNE 15, 1917.

Appeal. Before Judge Mathews. Bibb superior court. June 21, 1916.

*Landes & East, Green, Tilson & McKinney, C. A. Cunningham, Minter Wimberly,* and *H. H. Dean,* for plaintiffs in error.

*Harris, Harris & Witman* and *Samuel H. Sibley,* contra.

HILL, J. This is the second appearance of this case in this court. It was here formerly in *Worsham* v. *Ligon,* 144 *Ga.* 707 (87 S. E. 1025). A statement of the facts up to the last trial was set out in that case, and will not be repeated here, except the agreement under which the case was tried. The sole issue submitted to the jury by the trial judge was whether H. A. Mettauer, the testator, at the time of his death was a resident of the State of Virginia or of the State of Georgia. The agreement entered into between the attorneys of record for Miss Fannie H. Ligon and others, the original propounders, and J. M. Worsham and others, the original caveators, at the April term, 1914, of Bibb superior court, was filed in the office of the clerk of the superior court on August 26, 1914, and was as follows: "We agree that the issue to be tried in this case is whether H. A. Mettauer at the time of his death was a resident of the State of Virginia or of the State of Georgia, or was domiciled in the State of Virginia or the State of Georgia; the propounders of the will contending that as matter of law residence alone should determine the question, and the caveators contending that as matter of law domicile and residence are synonymous and that domicile should determine the question. If this issue above outlined is determined in favor of the propounders, the will shall be set up; and if this issue is determined in favor of the caveators, the will shall be rejected. Each party shall have all rights of exception."

On the trial of the case on May 2, 1916, Charles D. McKinney, as temporary administrator of the estate of H. A. Mettauer, deceased, asked leave to intervene as a caveator. The court passed an order denying the petition to intervene, to which order McKinney excepted pendente lite. J. F. Mettauer and others also filed an intervention alleging that they were the heirs at law and next of kin of the deceased, H. A. Mettauer; and they were made parties to the proceedings and filed a caveat to the will independently, and prayed that the will be set aside. This intervention was allowed by the court, and the caveators were made parties to

the proceeding for the probate of the will in solemn form. After
the last-recited intervention had been filed, the propounders de-
murred to the fourth paragraph of the intervention, which was as
follows: "That said will has never been probated in either com-
mon form or in solemn form in any court of any State or Territory
of this United States, and that said pretended will is not entitled
to be probated in this court." The court sustained the demurrer
of the propounders and struck the fourth ground of the interven-
tion, to which judgment the intervenors, J. F. Mettauer and others,
excepted. On the trial of the case the jury found in favor of the
will—to the effect that the testator was domiciled in the State of
Virginia at the time of his death. A motion for a new trial was
overruled, and the caveators excepted.

1. The controlling question in the case is whether the agree-
ment set out in the foregoing statement of facts is binding on the
intervenors who came into the case and were made parties subse-
quently to the signing of the agreement by the original parties
thereto. It is insisted that it is not, and that the court erred in
submitting as the sole issue to the jury, under the agreement, the
question of whether or not H. A. Mettauer was a citizen and resi-
dent of the State of Virginia at the time of his death, or was a
citizen and resident of the State of Georgia; and in instructing
them in effect that if they found that H. A. Mettauer was domi-
ciled in the State of Virginia at the time of his death, then they
should find in favor of the will. It was insisted that this was error,
inasmuch as the propounder made no effort to prove the execution
of the will or the testamentary capacity of the testator, but sought
to have the will admitted to probate in Georgia on the certified
copy of the will and the proceedings for probate from the circuit
court of Prince Edward county, Virginia, etc. It will be observed
that under the agreement the sole issue to be tried was whether
H. A. Mettauer, the testator, was a resident of the State of Vir-
ginia, or was domiciled in the State of Virginia or the State of
Georgia; and that if *this issue was determined in favor of the pro-
pounders, the will should be set up;* and if the issue was determined
in favor of the caveators, the will should be rejected. The case was
submitted on this issue alone, and the jury found it in favor of
the propounders and the probate of the will. The only question
therefore is, are the intervenors who came into the case after the

agreement was entered into bound by it? The general rule is that intervenors take the case as they find it. *Atlanta &c. Ry. Co.* v. *Carolina Portland Cement Co.,* 140 *Ga.* 650 (2) (79 S. E. 555). Stipulations restricting the issue in a case, duly signed and filed, become a record in the case; and so long as such stipulation is not withdrawn it is binding on the parties and subsequent intervenors. 36 Cyc. 1283 (4). The plaintiffs other than the original caveators were not bound to intervene, and could have brought a separate proceeding; but having come into the case by intervention, they must take the case as they found it. They found the agreement of record when they entered the case. Of course the original parties are bound by the agreement, which restricts them to the *sole* issue of *domicile;* and that issue having been found against them by the jury under instructions from the court which are free from error, all the parties to the case, including the plaintiffs in error, are concluded, the agreement being equally binding on all the parties.

2. The temporary administrator, Charles D. McKinney, asked leave to intervene as a caveator, and the court below denied his application. He excepted to this ruling pendente lite, but did not come to this court by direct bill of exceptions. Instead he attempts to tack his exceptions pendente lite on to the motion for a new trial made by others who were duly made parties to the case. This he can not do. He was not a party to the case, his prayer asking that he be allowed to intervene having been denied by the court, and this was a final adjudication as to him. Failing to come here by direct bill of exceptions, he can not assign error in a bill of exceptions filed by others to the overruling of their motion for a new trial, to which proceeding he was not a party in the court below.

3. This case was tried under the original agreement of the parties thereto, and was limited to the sole issue of domicile of the testator named in the agreement. There was sufficient evidence to support the verdict on this issue. In fact it is conceded by the plaintiffs in error that the evidence on the subject of domicile was sufficient to support the verdict; and the rulings made in the preceding divisions of the opinion being controlling of the case, it is not necessary to pass upon other rulings upon which assignments of error are made.

*Judgment affirmed. All the Justices concur.*