## AMERICAN NATIONAL BANK OF ATLANTA v. LAMB, receiver, et al.

HILL, J. 1. Where an equitable petition was filed by a trustee of certain bondholders against a railroad company to foreclose a mortgage, and pending a receivership of the railroad, which extended through several years, the receiver applied to and obtained from the superior court an order authorizing him to borrow money on receiver's certificates for the purpose of paying taxes, operating expenses, etc., and the money was thus procured; and where a final decree was rendered, ordering a sale of a portion of the mortgaged property, and establishing priorities

in favor of certain parties to the case; and where after the final decree certain holders of the receiver's certificates, who in the order authorizing the receiver to issue certificates were given priority over the bondholders and in the final decree were given priority second only to the payment of court costs, expenses of administration, counsel fees, etc., although not formally appearing in court, intervened and asked that such decree ordering the sale be *confirmed*, and no attack was made on the decree; and where subsequently the intervening certificate-holders amended their petition and sought to modify the final decree, and asked that their claim be given first priority, they will be held to the well-established general rule that when they come into a case by intervention they must take it as they find it, and having come in after the final decree was rendered they are bound by it. *Worsham* v. *Ligon*, 147 *Ga.* 39 (92 S. E. 756). It can not be held that the decree was not final. The trial judge treated the claim of the certificate-holders as of equal dignity with allowances for receiver's fees, counsel fees, etc., in so far as the money which was obtained by the receiver went to discharge liens against the railroad.

2. Whether in such a case as just indicated the intervenors will be held as in laches for having failed to intervene or move before final decree, it is unnecessary to decide, in view of the foregoing ruling; and the same is true with respect to the other questions raised in the record.

*Judgment affirmed on main bill of exceptions. Cross-bill dismissed. All the Justices concur, except George, J., disqualified.*

Nos. 452, 480. FEBRUARY 15, 1918. REHEARING DENIED FEBRUARY 25, 1918.

Equitable petition; intervention. Before Hal Lawson, judge pro hac vice. Ben Hill superior court. May 19, 1917.

*Smith, Hammond & Smith,* for plaintiff in error.

*Brandon & Hynds, L. Z. Rosser,* and *Crum & Jones,* contra.