96

No. 8705.   JULY 13, 1932.

*Wolver M. Smith* and *Stephen C. Upson,* for plaintiffs in error. *Lamar C. Rucker, W. T. McKnight,* and *Green & Michael,* contra.

HILL, J.   This case originated in the filing of an equitable petition by one partner, Frank B. Hardy, against the other, Harry B. Hardy, of the firm of Hardy Hardware Company, for the purpose of having a receiver appointed to wind up the business of the partnership firm, after payment of creditors, and an accounting between the partners.   There was no allegation of insolvency, and no relief was sought because of insolvency.   The court appointed a receiver, who took charge of the firm assets and proceeded to run the business for a certain length of time; and the record shows that the assets amounted to about $20,000.   The court, during the administration of the receiver appointed by the court, allowed the attorney who filed the petition for the appointment of the receiver a fee of $500, and he also allowed a fee of $250 to the attorney for the receiver, and the sum of $100 as the fee of the receiver himself. On August 21, 1931, the firm of Hardy Hardware Company was adjudicated a bankrupt, and Abit Nix was appointed receiver of the bankrupt's estate.   On September 5, 1931, Abit Nix as receiver in bankruptcy filed an intervention in the receivership proceeding in the State court.   He was subsequently elected a trustee in bankruptcy, and as such filed an intervention to the original proceeding for the appointment of a receiver in the State court, seeking to have the judgment of the State court modified.   The State court allowed the intervention, and did modify the previous judgment

rendered by it, and reduced the fee of the attorney who filed the equitable petition for receiver from $500 to $250, and reduced the fee of the attorney for the receiver from $250 to $150, and allowed the receiver's fee to remain at $100. This judgment modifying the former judgment is excepted to, and the plaintiff in error insists that when the State court had fixed the fees of the attorneys and authorized the receiver to pay those fees, which he did on the same date of the order, and before the filing of the intervention, that was an end of the litigation, and that the court exceeded its powers in modifying the judgment previously rendered.

The court, in its order modifying the previous judgment, stated that at the time of the judgment fixing the fees of counsel it had no notice of the bankruptcy proceedings. Be that as it may, we are of the opinion that when the court had authorized the receiver to pay the fees, which it had fixed, and the receiver had paid those fees, the judgment of the court was executed, and could not subsequently be modified. An intervenor takes a case as he finds it (*Worsham* v. *Ligon,* 147 *Ga.* 39, 92 S. E. 756); and when the trustee in bankruptcy intervened in the present case he found one where the judge had fixed fees of counsel which had been paid, and he is thereby bound by the record of that case as he found it, and the court could not subsequently amend and modify its order previously granted. It will be seen also from the record that after the fees of counsel had been fixed and paid, the receiver in the State court proceeding was ready to make his final report and be discharged as such receiver. There was nothing further for him to do, and the effect of the order modifying the judgment of the State court would be to require the receiver to pay individually the difference between the fees previously fixed by the State court and the modified fees subsequently fixed by the court; and this, we think, would be both illegal and inequitable. For these reasons we are of the opinion that the court erred in the modified judgment passed by the court reducing the fees formerly fixed. Whether the fees previously fixed were excessive and unjust, is not now for decision.

*Judgment reversed. All the Justices concur.*