## JOHNSON *et al. v.* GIRAUD *et al.*

No. 13617.   FEBRUARY 12, 1941.

*George B. Rush,* for plaintiffs.

*Poole, Pearce & Graham, Roger H. Bell, Virlyn B. Moore Jr., Brandon, Hynds & Tindall,* and *James W. Dorsey,* for defendants.

DUCKWORTH, Justice. ■ A motion was filed in this court to dismiss the writ of error, on the grounds, (1) that the bill of exceptions fails to show who are necessary parties; (2) that it fails to name any party as defendant in error; (3) that the certificate of the trial judge fails to certify that the bill of exceptions specifies all of the record material to a clear understanding of the errors complained of, and is qualified by the following words: "except a petition of these intervenors filed Sept. 24, 1940, and order thereon;" and (4) that Mrs. E. B. Hall alias C. O. Hall is not named as a party, and she is interested in sustaining the judgment refusing to set aside a previous judgment which was in her favor. The bill of exceptions names the parties to the rulings complained of, and these parties were served or acknowledged service of the bill of exceptions. By amendment the plaintiffs in error specifically designated proper parties as plaintiffs in error and others as defendants in error. Grounds 1 and 2 of the motion to dismiss are without merit. Code, §§ 6-912, 6-913. The clerk of the trial court construed the certificate of the judge as specifying the additional record as a part of the record to be certified to this court, and it was accordingly certified and transmitted. The clerk correctly construed the certificate of the judge, and the writ of error is not subject to dismissal on the ground that the bill of exceptions is not unconditionally certified. The decree of December 30, 1939, awarded to Mrs. E. B. Hall, alias C. O. Hall, all the lands involved in the litigation to which she made claim, and neither the intervention of plaintiffs in error nor their petition to vacate portions of the decree of December 30, 1939, affect the rights of this party. Her rights under the judgment are not questioned, and will not be affected, regardless of who prevails on the issues made in the present record. She is not a necessary party, and in fact would not be a proper party, to the present case; and this ground of the motion to dismiss is without merit. The motion to dismiss is overruled.

■ One question presented by the record is whether or not the petition to vacate portions of the decree of December 30, 1939, should have been dismissed. It is contended by the defendants in error that the plaintiffs in error were subject to the rule that an intervenor takes the case as he finds it. They rely upon the rulings in *Seaboard Air-Line Railway* v. *Knickerbocker Trust Co.*, 125 *Ga.* 463 (54 S. E. 138) ; *Atlanta & Carolina Railway Co.* v. *Carolina*

*Portland Cement Co.,* 140 *Ga.* 650 (2) (79 S. E. 555); *Worsham* v. *Ligon,* 147 *Ga.* 39 (92 S. E. 756); *Perkins* v. *Talmadge,* 147 *Ga.* 527 (94 S. E. 1003); *American National Bank of Atlanta* v. *Lamb,* 147 *Ga.* 667 (95 S. E. 227). If the contentions of intervenors were correct, then they were not seeking to change the case as it stood with relation to the other parties. The court, in fixing the priorities on December 30, 1939, dealt only with the interests of the various parties to the litigation in the property in the hands of the court or subsequently coming into the hands of the court. If the plaintiffs in error were correct in their claim of a prior lien, the court never had jurisdiction of that portion of the property subject to such prior lien; and since intervenors sought merely to establish their prior lien, and since this was a question not theretofore dealt with by the court, they were not barred by the rule that an intervenor takes the case as he finds it. But the fatal weakness of their case, in so far as obtaining a priority by virtue of their lien is concerned, is the fact that their claim of such lien was never recorded as provided by law; and the other intervenors in the case, having procured judgments giving them an interest in the property of Colonial Hill Company, occupy positions similar to that of bona fide purchasers without notice. A mortgagee who in good faith parts with his money in ignorance that a person other than the holder of the legal title has a secret equity in the mortgaged property stands precisely in the position of a bona fide purchaser, and is entitled to the same protection. *Parker* v. *Barnesville Savings Bank,* 107 *Ga.* 650 (34 S. E. 356). To the same effect see *Zimmer* v. *Dansby,* 56 *Ga.* 79; *Gorman* v. *Wood,* 68 *Ga.* 524; *Brown* v. *West,* 70 *Ga.* 201; *Kennedy* v. *Lee,* 72 *Ga.* 39; *Hobbs* v. *Georgia Loan & Trust Co.,* 96 *Ga.* 770 (22 S. E. 331); *Dill* v. *Hamilton,* 118 *Ga.* 208 (44 S. E. 989); *Bennett* v. *Southern Pine Co.,* 123 *Ga.* 618 (51 S. E. 654); *Ford* v. *Blackshear Manufacturing Co.,* 140 *Ga.* 670 (3) (79 S. E. 576); *Steele* v. *Graves,* 160 *Ga.* 120 (4) (127 S. E. 465). An unrecorded mortgage is inferior to a subsequent judgment. *Shepherd* v. *Burkhalter,* 13 *Ga.* 443 (58 Am. D. 523); *Richards* v. *Myers,* 63 *Ga.* 762; *Cambridge Tile Co.* v. *Scaife & Sons Co.,* 137 *Ga.* 281 (2) (73 S. E. 492).

A mortgage is a lien, and so is the claim of an attorney on property recovered or defended by him. The purpose of our recording statutes is to protect both the lienholder and innocent persons acting

in good faith but without means of discovering the lien of another. An attorney is given the privilege of protecting his lien by recording his claim thereto,. and his failure to avail himself of such privilege brings upon him the same disaster that befalls other lienholders who neglect to record the lien as authorized by law. As to the judgment of December 30, 1939, the undisclosed lien of the plaintiffs in error is subordinate. In *Coleman* v. *Austin,* 99 *Ga.* 629 (27 S. E. 763), it was held that in order to render the lien of an attorney binding upon bona fide purchasers, it is incumbent upon him to file his claim of lien for record, but that such filing is not essential to the validity of a lien as between the attorney and his client, or as between him and other creditors of the client. See also *Morrison* v. *Ponder,* 45 *Ga.* 167; *Walton* v. *Little,* 50 *Ga.* 599; *O'Brien* v. *Whitehead,* 75 *Ga.* 751; *Lovett* v. *Moore,* 98 *Ga.* 158 (26 S. E. 498); *Suwannee Turpentine Co.* v. *Baxter,* 109 *Ga.* 597 (35 S. E. 142). It is contended by the plaintiffs in error that as to all parties in the present case recording of their lien was not required. However, every decision holding that recording of the claim of lien was not necessary in order to bind the client and his creditors dealt with creditors existing at the time that property was recovered by the attorney. The rule is therefore limited to such existing creditors, and has no application whatever to future creditors. None of the pleadings of the plaintiffs in error show that the claims of any of the other parties are based upon debts existing at the time the property was recovered and their lien came into existence by operation of law. Since, under the pleadings, these other parties extended credit to Colonial Hill Company after the time of the creation of the lien of plaintiffs in error, and reduced their claims to judgment creating a lien on the property, the undisclosed lien of plaintiffs in error can not take precedence over their claims. Therefore the petition to vacate portions of the judgment of December 30, 1939, fixing priorities, was without merit, and it was not error to dismiss the same upon motion.

■ The plaintiffs in error sought by their intervention to foreclose an attorney's lien given to them by law under the Code, § 9-613(3). This claim of lien was not filed and recorded within thirty days, as provided in the Code, § 9-613(4). While originally the debt of the plaintiffs in error was in the form of an open ac-

count and was subject to the statute of limitations of four years, and had it remained in the form of an open account for a period exceeding four years it would have become barred by limitation, and if the debt is barred then the lien likewise is barred (*Peavy* v. *Turner,* 107 *Ga.* 401, 33 S. E. 409), yet, as set forth in the intervention, the statute of limitations was avoided by taking a note as evidence of the debt, and no claim is here made that the note is barred by the statute of limitations. Accordingly, the ruling in *Peavy* v. *Turner,* supra, has no application, and the intervention alleges a valid lien. The judgment dismissing on demurrer the portions of the intervention setting up and seeking to foreclose the attorney's lien is erroneous. Although the lien of plaintiffs in error is subordinate to the liens of the other parties to this action, yet this does not constitute ground for dismissing the portions of the intervention seeking to set up and foreclose the attorney's lien. It is true that final judgment on the debt was entered in favor of the plaintiffs in error, but this fails to give the priority to which they are entitled by a foreclosure of their lien as against creditors existing at the time their lien came into being by operation of law.

*Judgment reversed in part and affirmed in part. Costs are taxed against the defendants in error. All the Justices concur, except Atkinson, P. J., and Bell, J., disqualified.*