## SOLON HUMPHREYS

### *v.*

### JOHN ALLEN.

*Filed at Ottawa November 10, 1881.*

1. FORECLOSURE—*right to fund arising from sale on foreclosure.* Where a decree for the foreclosure of a mortgage on railroad property, and a sale, provides that the proceeds of the sale shall be brought into court to await the further order of the court as to its distribution, saving the rights of all persons in the fund for future determination, a party may, on petition, after such sale and before a distribution is made, have an order to pay him out of the fund any moneys to which he may be entitled as having been advanced to save the mortgaged property from levy and sale for taxes due thereon, which were a prior lien, before payment to the other creditors.

2. SAME—*taxes paid by mortgagee to save property from sale.* Where a deed of trust on railroad property provides that the mortgagor shall pay the taxes on the property, a creditor secured by the trust deed may, as a mortgagee, pay such taxes when the mortgagor fails to pay the same, and in such case he will, as to the taxes so paid, have a prior lien in equity upon the mortgaged premises or on the fund arising from their sale on foreclosure.

3. PRACTICE—*objection to evidence for indefiniteness and want of particularity.* The objection to a party's testimony as to the taxes paid by him upon railroad property, giving only the sums paid and when paid, that it is not sufficiently definite, in failing to show the amount of the taxes due and paid to the collector of each county through which the road was located, and for want of the production of the tax receipts, will not avail when the party objecting, on the cross-examination, fails to call for a detailed statement and for the tax receipts.

4. REHEARING IN CHANCERY—*not allowed if party is chargeable with negligence.* A rehearing will not be granted in a chancery cause to a defendant, when, by the exercise of proper diligence, he might have produced all the facts on the hearing, relied on in support of the motion, nor when the application fails to show a meritorious defence.

APPEAL from the Appellate Court for the Second District; —heard in that court on appeal from the Circuit Court of Peoria county; the Hon. DAVID McCULLOCH, Judge, presiding.

Mr. WAGER SWAYNE, and Messrs. TENNEY, FLOWER & CRATTY, for the appellant.

Messrs. STEVENS & LEE, for the appellee.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the Court:

On the first day of April, 1878, John and John N. Allen filed a bill in equity, in the circuit court of Peoria county, against the Peoria, Pekin and Jacksonville Railroad Company and others, in which they prayed for the appointment of a receiver, and for the foreclosure of certain deeds of trust. On the 14th day of June, 1879, Francis B. Cooley and James Bird, trustees named in the deeds of trust, filed a cross-bill to foreclose such deeds of trust. On the 7th day of August, 1879, a decree of foreclosure was rendered on the cross-bill, in which the property was ordered sold for the payment of $1,507,043.06, found to be due. The decree directed the payment of costs, and certain other specified sums, from the proceeds of sale, and then required the master to bring the residue of the money arising from the sale into court, to abide the order of the court. Under this decree the railroad and railroad property were all sold, on the 14th day of November, 1879, to Solon Humphreys, appellant herein, for the sum of $950,000. The sale was confirmed, and a deed executed to the purchaser.

On the 20th day of July, 1880, appellee, John Allen, filed an intervening petition, in which he in substance alleged,

that in November, 1876, said railroad company was indebted
for State, county and municipal taxes, before that time law-
fully levied, to an amount exceeding $12,000; that the taxes
were a lien on all property belonging to the company; that
the railroad company was wholly unable to pay the taxes
and run and operate its line of road; that the tax collectors
in the various counties through which the road extended
threatened to levy upon the property of the company, and
sell the same in satisfaction of the taxes, unless they were
paid; that for the purpose of preventing a levy upon the
premises and property of the company, and a sale thereof,
and to enable the company to continue to run and operate its
line of railroad, and pay its current expenses, and continue
to pay interest upon its bonded indebtedness, petitioner, then
being president of the company, on November 6, 1876,
advanced for the company, from his own private means,
$10,149.86, and on November 8, 1876, the further sum of
$1855.10,—in all $12,004.96. The petition contained a
prayer that the master in chancery, out of the proceeds of
the sale of the railroad and its property remaining in his
hands, pay petitioner the amount by him advanced, and
interest thereon.

It is first urged, that as appellee failed to incorporate
his claim for taxes advanced in his original bill brought
against the railroad company, he can not obtain a decree
under this petition. It is clear that appellee had the right
to amend his bill, by leave of the court, at any time before
final decree, and set up this claim for money advanced for
and on account of the railroad company. Did he waive or
lose the right to recover for the money advanced by failing
to amend his bill and make the proof on the original hearing?
Had the original decree made a distribution of the funds
arising from the sale, and thus definitely settled the rights
of all the parties to the proceeding, it may be appellee would
have been concluded. But such was not the case. The

decree provided, "that the claims and rights of all parties to said bonds and coupons, and of all other persons having an interest in the fund to arise from said sale, accrued or accruing either before or after the appointment of the receiver, be reserved for future determination by the court, and that all such persons shall have the same rights, as against the fund arising from said sale, as they would have against the property sold, or any part of it, prior to such sale." Here appellee had an interest in the fund. He claimed a priority over certain other creditors for the amount he had advanced to relieve the property from taxes, and under the terms of the decree his rights could be determined and settled after the sale as well as before.

It is also urged that the petition was insufficient, and when considered in connection with the evidence of appellee it did not justify so large a decree in appellee's favor as against the rights of other prior creditors. The taxes which appellee paid were a prior lien on the railroad property, and had they not been paid, the property, no doubt, would have been sold, and taken from the creditors who held the mortgages as security for the payment of their debts. The deeds of trust provided that the railroad company should pay the taxes, and when the company failed to either pay the taxes or produce the money by which they could be paid, appellee, as a mortgagor, had the clear right to advance the money from his own funds, pay the taxes, and call upon a court of equity to decree him the amount so advanced from the proceeds of the sale of the mortgaged property.

Appellee testified that he advanced $12,004.96 from his own personal means to pay the taxes assessed against the property for the years 1873, 1874 and 1875, by the authorities of Peoria, Tazewell, Mason and Morgan counties; that the company had not the money to pay operating expenses and taxes, and he advanced the money to prevent a levy upon and sale of the property. If this evidence is true, and

it stood uncontradicted before the court when the decree was rendered, a clear case was made out for equitable relief.

Objection is made to appellee's evidence, because it is not sufficiently definite; that he fails to show how much money was due and paid to the collector of each county; that he shows no vouchers or receipts. The evidence of appellee shows the amount of money advanced and the time when it was paid, and if a more definite and detailed statement was required by appellant, it was his duty to call for it on cross-examination of the witness. This he failed to do, and he is in no position now to complain of the testimony as it was given. Had appellant called on appellee, on cross-examination, for a detailed statement and a production of receipts for each item paid, and appellee had refused or had been unable to give such facts, then appellant might reasonably have insisted upon the insufficiency of the evidence.

It is also urged that the court erred in denying the application for a rehearing. It appears that the cause was referred to the master to take proof on the 20th day of July, 1880; that appellee was examined as a witness before the master, and cross-examined by one of the attorneys for appellant, but no other testimony was taken. On the 4th day of September, 1880, a hearing was had before the court, which resulted in a final decree in favor of appellee. Counsel for appellant were present, but from an affidavit filed on the motion for a rehearing, it seems they did not understand that the cause was being heard on its merits, but supposed the hearing was "as to the sufficiency of the petition, as if the same were being heard upon demurrer."

We do not think the affidavit shows any substantial ground for a rehearing. The petition was called up for a hearing, the evidence in support of the petition was produced which had been taken on a reference of the cause to the master. It is not readily seen, under such circumstances, how any one could be misled; but, aside from this, the decision was with-

held some two weeks after the hearing to afford counsel for appellant an opportunity to further cross-examine appellee, if they saw proper. If appellant had exercised proper diligence, he might have produced all the facts relied upon on the motion for a rehearing before the court, on the hearing. If he could have done this, and through negligence failed, the circuit court did right in overruling the motion for a new trial, as was held in *Laflin* v. *Herrington*, 17 Ill. 401. The law rewards diligence, and will not excuse negligence. New trials will not be granted to enable a party to produce merely cumulative evidence, nor to produce newly discovered evidence, if the party, by the use of reasonable diligence, could have obtained the evidence on the trial.

Again, it does not satisfactorily appear, from the application for a rehearing, that appellant has a meritorious defence against appellee's claim. If the taxes advanced were a valid lien on the railroad property, and it was liable to be sold for the payment thereof, and appellee, in order to save the property for himself and other creditors, advanced the money from his own means and saved the property, he ought, in equity, to have the money refunded from the proceeds of the property before a distribution is made among other creditors.

It is said appellee has certain lands in his name belonging to the railroad company. If that be true, such fact has no legitimate bearing on this controversy. That matter can be adjusted in a proper proceeding between the parties.

The decree of the Appellate Court will be affirmed.

*Decree affirmed.*