VALDOSTA BANK AND TRUST COMPANY, trustee, *v.* PENDLETON.

ATKINSON, J. A railroad company issued certain bonds, to secure which it executed to a bank, as trustee for the holders of the bonds, a deed of trust covering the railroad as then constructed and to be constructed over a designated route, "together with all the franchises and property, real, personal, and mixed, then owned or thereafter to be acquired by the railroad company, appurtenant to the said line of railroad." A person who was the president of the bank and also a stockholder and director of the railroad company became the owner of all the bonds mentioned in the deed of trust. The railroad company became financially embarrassed, and owed approximately forty-two hundred dollars taxes for the year 1912, and had insufficient cash with which to pay the amount. The comptroller-general of the State was pressing the company for payment of its taxes, and was about to issue execution and enforce collection thereof out of the property of the company. The bank agreed to loan the railroad company thirty-five hundred dollars, the amount necessary, when added to the company's cash on hand, to pay the taxes, upon notes of the railroad company, indorsed by four of its stockholders and officers, for five hundred dollars each, one payable the 15th day of May, 1913, and the others at successive periods of

thirty days. The notes were executed, and the money was advanced and applied to payment of the taxes. When the notes were indorsed there was an understanding between the indorsers and the railroad company that the notes should be paid, as they severally matured, from the earnings of the railroad company. Two of the notes were duly paid. There was default in the payment of the third, and before maturity of the fourth the railroad was put into the hands of receivers on application of the bank as trustee under the deed of trust; and thereafter the remaining notes matured and none were paid. The receivers operated the railroad under order of the court, and produced net earnings in excess of the amount of the notes, no part of which was applied on the notes. From twelve to fifteen thousand dollars of the net earnings of the railroad were invested in road equipment, crossties and the like, which went to augment the value of the railroad property. One of the indorsers who was liable on the notes, by appropriate intervention in the receivership case, applied for direction to the receivers to pay the unsatisfied notes out of the earnings of the railroad, and, if insufficient, that any balance necessary thereto be treated as a charge upon the railroad, of higher dignity than the claim of the trustee for the bondholder under the trust deed, and that from the proceeds of the sale of the railroad the notes be fully discharged in accordance with such priority. A judgment was rendered in the main case for the plaintiff for the amount of the bonded indebtedness, without prejudice to the intervenor. On the intervention the case was submitted to the judge, by consent, to pass on questions of law and fact without a jury. Upon evidence in effect as indicated above, the judge decreed in accordance with the prayers of the intervenor. The exception is to this judgment. *Held:*

1. It was not essential that the indorser should have paid the notes, in order to have a right to proceed to have the debt paid out of funds of the maker. *Cooper* v. *National Fertilizer Co.*, 132 *Ga.* 529 (64 S. E. 650), and citations.

2. The indorser, being himself a stockholder and director in the railroad company, had an interest to protect in the property of the company; and the money obtained upon his indorsement, to pay the taxes, having been applied to that purpose and prevented a levy and sale of the property, the payment, in so far as it related to the indorser, was not such voluntary payment as would deprive him of equitable subrogation. Redington *v.* Cornwell, 90 Cal. 49 (27 Pac. 40); Sheldon on Subrogation, § 245.

3. The State's lien for taxes was superior to the right of the bondholder under the trust deed and his judgment thereon. Under the circumstances there was no error, as against the bondholder, in directing the receiver to discharge the notes from the earnings of the road, and, if insufficient, to encroach upon the proceeds of the sale of the property for that purpose. *Wilkins* v. *Gibson*, 113 *Ga.* 31 (38 S. E. 374, 84 Am. St. R. 204); Redington *v.* Cornwell, supra; Humphries *v.* Allen, 100 Ill. 511. *Judgment affirmed. All the Justices concur.* JUNE 14, 1916.

22

Intervention. Before Judge Thomas. Lowndes superior court. July 24, 1915.

*E. K. Wilcox* and *Woodward & Smith,* for plaintiff in error.

*A. J. Little* and *Branch & Snow,* contra.