STEWART *v.* MCDONALD *et al.*

HILL, J. 1. This was a contest between creditors over the application of funds in the hands of a receiver, in which the contestants for the fund asserted priorities. No question is made as to the sufficiency of any of the pleadings, but the case was submitted to the judge upon the pleadings taken to be true, without other evidence. The court awarded the funds as set forth in the statement of facts (infra). One of the contestants was a transferee of certain tax executions issued against the owner of the real estate for taxes thereon. The taxes were due for a period immediately preceding the receivership of the property, and the fund in court was derived from rents of the property collected by the receiver. The court directed that the amount of these executions be paid to the transferee thereof out of this fund, second in priority only to the costs of the proceeding. In this there was no error. *Ferris* v. *Van Ingen*, 110 *Ga.* 102 (8), 119 (35 S. E. 347).

2. The fund being already in court, the attorney filing the application "to impound the fund" was not entitled to any fee for bringing the money into court.

3. Another of the contestants for the fund was an attorney at law asserting a lien under a contract of employment with the plaintiff in the equitable suit wherein the receiver was appointed at the instance of the defendant. One of the fruits of this litigation was the money to be distributed. Under his employment the attorney's fee was to be paid out of the first property recovered for his client. The money for distribution was applicable to the payment of the fee, and the lien of the attorney thereon was superior to all other contesting liens, except costs of the proceeding and taxes. Civil Code (1910), §§ 3364, 3333; *Lovett* v. *Moore*, 98 *Ga.* 158 (26 S. E. 498).

*Judgment reversed. All the Justices concur.*
JULY 11, 1917.

Equitable petition and intervention. Before Judge Smith. De-Kalb superior court. July 26, 1916.

C. H. McDonald and J. M. Abrams filed a petition alleging substantially as follows: In the case of W. P. Evans *v.* C. S. Thompson, the superior court in 1915 appointed a receiver of the property of W. P. Evans, consisting of certain houses and lots in the city of Lithonia. W. P. Evans is wholly insolvent and has no property other than that in the hands of the receiver. Plaintiffs are informed and believe that the court will in the near future discharge the receiver, and that the property will be given over to Evans. The receiver has in his hands about $500 belonging to Evans, the same being rents and profits of the property, and after paying the necessary costs of the receivership and other expenses there will be two or three hundred dollars to be turned over to Evans by the receiver. The property now in the hands of the receiver is encumbered with an outstanding deed to secure a debt of about $8,000, and there are outstanding against Evans judgments upon which executions have been issued, exceeding $2500 in amount. C. H. McDonald has an execution dated March 3, 1913, against Evans, for the principal sum of $196.96, besides interest and costs; and J. M. Abrams has eight executions against Evans for $99.69 principal each, besides interest and costs. The whole of the property of Evans, on which the deed to secure debt is outstanding amounting to $8,000, is not worth more than the sum to secure which it was given, and will not bring the principal and interest due on the debt; and if the court does not impound the fund in the hands of the receiver, the plaintiffs will lose the whole of their debts against Evans. They are without remedy at law, and the only way the fund in the hands of the receiver can be reached is by equitable garnishment, and the superior court only has the power to order the fund impounded. They pray, that the court order the receiver to retain whatever sum may be in his hands after being discharged as receiver, and that he report to the court the amount he has; that the court appropriate the fund so impounded to the different executions now outstanding, according to their priority, after first paying the costs in this case; and that all persons having executions against Evans may become parties and partake of the fund according to their priorities.

The Bennett Printing House, Marks, Marks & Holt, and the Sullivan Machinery Company came in by way of intervention, and

were made parties. They alleged the existence of certain executions in their favor against Evans, dated April 17, 1913, September 18, 1913, and August 21, 1913, respectively, and that they.were prior liens to any of the judgments, etc.; and prayed that proper application of the funds be made on their judgments. C. S. Thompson intervened and prayed that certain tax executions in his hands as transferee be first paid out of the fund, and the balance, if any, be credited as a payment on the original debt secured by the security deed. J. B. Stewart, an attorney at law, intervened and claimed a superior lien on the fund arising from the rent of the real estate, a security deed to which had been given to Thompson, by reason of the following facts: He was employed by W. P. Evans to advise with and represent him in a certain controversy pending between Evans and Thompson, for the purpose of protecting Evans in his right and title and possession of the real estate above referred to, and with respect to the rents, issues, and profits of the property. Evans agreed to pay Stewart $2,000 for his services, out of the first property real or personal, money, rents, issues and profits to which Evans might obtain title and the right of possession by suit, settlement, judgment or decree, "provided the same was realized from or on account of the property described in said suit." A certain sum has been realized, to wit, $544.50, and a judgment against Thompson for $230.40, and that it is in the hands of the receiver and is the property of Evans, who has the title and right of possession to the money, which has been received and realized by reason of the employment of Stewart and as the result of his work. The lien has matured, and nothing has been paid to Stewart by Evans. A detailed statement of the services rendered by Stewart to Evans was set out in the petition, but they are too lengthy to be incorporated in full here. Among the services rendered were, that he obtained a verdict asserting the contention of Evans that the deed in form a warranty deed was in fact a loan deed; he resisted the suit of the receiver in which it was sought to evict Evans; he obtained an order reducing the rent to be paid from $22.50 to $15, and for about twelve months he paid the rent to the receiver; he prepared and presented an equitable petition, obtained a restraining order, and represented Evans in the case which resulted in the appointment of a temporary receiver, etc. The court, after hearing the case, made an order in

which he directed that the $544.50 in the hands of the receiver be distributed as follows: (1) The payment of the costs of the proceeding. (2) The sum of $50 to L. B. Norton, attorney for the plaintiffs in this case, out of the fund going to the moving creditors. (3) The sum of $204.10 to C. S. Thompson on two tax fi. fas. held by Thompson, for taxes owing by Evans on the property for the year 1912. (4) $170.92 to C. H. McDonald, in full payment of his execution against Evans, this being the oldest. (5) $7.62 to Bennett Printing House, in full of its execution against Evans. (6) The balance to be paid to the Sullivan Machinery Company, the holder of the next oldest execution against Evans. To this judgment Stewart excepted.

*Jack B. Stewart,* for plaintiff in error.