## VALDOSTA, MOULTRIE AND WESTERN RAILROAD COMPANY *v.*
## ATLANTIC COAST LINE RAILROAD COMPANY.

ATKINSON, J. A railroad company executed a "mortgage or deed of trust" on "the railroad property, equipment, and franchises" of the railroad company to a trustee to secure the payment of a certain issue of bonds. The trustee instituted an equitable suit for the appointment of a receiver and to foreclose the lien provided in the mortgage or deed of trust. A receiver was appointed, who took charge of all of the assets of the railroad company, and operated the railroad. During the course of operation he applied certain money derived from the earnings of the road to the purchase of cross-ties, cost of repairs to the road-bed and equipment, and for "general betterment" of the railroad' property, all of which was found necessary for the upkeep "of the road-bed and equipment," and amounted to not less than $12,000. More than six months (approximately two years) after the commencement of proceedings to appoint the receiver, a connecting railroad company filed an intervention in the suit, for the recovery of certain amounts for which the defendant railroad' company had become indebted to it within six months immediately preceding the institution of the suit and the appointment of a receiver, for services rendered in switching cars for the defendant company, and for supplies, consisting of the rental of certain cars furnished by the intervenor, and used by the defendant in the operation of its railroad, all of which services and supplies were alleged' to be necessary to the operation of the defendant's road, the demand for which amounted to less than $500. The case upon the intervention was, by consent, tried by the judge without a jury; and upon evidence tending to support the allegations of the intervention a judgment was rendered in favor of the intervenor for the full amount claimed, the lien of which was declared to be superior to the lien of the mortgage or deed of trust. *Held:*

1. The amount claimed' by the intervenor for the switching of cars for the defendant railroad company was not wages for services rendered by an employee for the railroad company, within the meaning of the act of 1893 (Acts 1893, p. 91, Civil Code, § 2793), which provides: "The amounts due employees by any railroad company for wages earned by service rendered to said railroad company shall constitute a lien upon the railroad and other property of said' railroad company, and shall be superior in dignity to the lien of any mortgage or other contract lien executed or created by said railroad company since December 13th, 1893: Provided, that no employee shall be entitled to said lien under this section to an amount exceeding five hundred dollars. Accordingly the intervenor did not have a statutory lien for its demand based upon the switching of cars.

2. The supplying of cars as necessary to the operation of a railroad is the "furnishing of material, supplies, or other articles," within the meaning of the act of 1894 (Acts 1894, p. 68, Civil Code, § 2795), which provides: "All persons furnishing material, supplies, or other articles necessary to the operation of any railroad company which is

operated in this State, and all persons having claims against such company for live stock killed by its engines or cars, shall have a lien upon the property of the company for the amounts due for such supplies, material, or other necessary articles furnished within six months preceding the institution of proceedings to enforce the same, or for the amounts due to them for damages for the killing of such live stock, which lien shall be superior in dignity to any mortgage or other contract lien created by said railroad company." But the intervenor did not acquire a lien under this provision of the statute, because the supplies were not furnished within six months next before the intervenor commenced the action to enforce its alleged lien.

3. Applying the principles announced in *Central Trust Co.* v. *Thurman*, 94 *Ga.* 735 (20 S. E. 141), and *Alexander* v. *Mercantile Trust & Deposit Co.*, 100 *Ga.* 537 (28 S. E. 235), the intervenor did not have a claim superior to the mortgage, which a court of equity will declare and enforce.                    *Judgment reversed. All the Justices concur.*

No. 826.    FEBRUARY 24, 1919.

Intervention.    Before Judge Thomas.    Lowndes superior court. January 18, 1918.

*Whitaker & Dukes, Woodward & Smith,* and *E. K. Wilcox,* for plaintiff in error.

*Bennet & Branch* and *Patterson & Copeland,* contra.