BALTIMORE TRUST COMPANY *v.* SEABOARD AIR-LINE RAILWAY *et al; et vice versa.*

ATKINSON, J. On March 29, 1915, the Baltimore Trust Company as trustee for certain bondholders, and individually, instituted an equitable action against the Georgia & Florida Railway, for the foreclosure of a mortgage or deed of trust executed by the railway company to secure its bonds, and for the appointment of a receiver. The mortgaged property consisted of several designated lines of railroad and all of the real and personal property of each, and all "rents, issues, profits, and franchises relating to any of said separate railroads, and all rights under leases, traffic agreements, easements, etc., in any wise belonging or appertaining thereto." While the case was pending the Seaboard Air-Line Railway, being a connecting carrier, on September 10, 1915, filed an intervention for the recovery of several stated amounts for which it sought to establish a lien upon the Georgia & Florida Railway, and upon the tangible and other property of that company, superior to the lien of the mortgage. All of the items of each of the several claims accrued within six months immediately preceding the institution of the suit for the receiver, and some of the items in each of the several claims accrued within six months immediately preceding the filing of the intervention, while others did not accure during such period. The case was submitted to the judge for decision without a jury, upon the pleadings and agreed statement of facts. A judgment was rendered in favor of the intervenor against the railroad company for the amount set forth in each of the several claims, and as to some of them set up a lien against the property superior to the lien of the mortgage, and as to others denied the lien. The Seaboard Air-Line Railway excepted to so much of the judgment as denied it a lien for some of its claim. The Baltimore Trust Company excepted to so much of the judgment as set up liens in favor of the Seaboard Air-Line Railway as superior to the lien of the mortgage. *Held:*

1. Except as acquired under the statute, the Seaboard Air-Line Railway did not have a lien superior to the lien of the mortgage. *Central Trust Co.* v. *Thurman*, 94 *Ga.* 735 (20 S. E. 141) ; *Valdosta &c. R. Co.* v. *Atlantic Coast Line R. Co.*, 148 *Ga.* 842 (98 S. E. 465).

2. The Seaboard Air-Line Railway did not acquire a statutory lien for any item of its several claims which accrued more than six months prior to the filing of its intervention. *Valdosta &c. R. Co.* v. *A. C. L. R. Co.*, supra.

3. It is declared in the Civil Code, § 2793 : "The amounts due employees by any railroad company for wages earned by service rendered to said railroad company shall constitute a lien upon the railroad and other property of said railroad company, and shall be superior in dignity to the lien of any mortgage or other contract lien executed or created by said railroad company since December 13, 1893 : Provided, that no employee shall be entitled to said lien under this section to an amount exceeding five hundred dollars." Under this statute the Seaboard Air-Line Railway did not acquire a lien for services of its agents and employees, rendered in the maintenance and operation of the joint depot at Vidalia, or for labor

of its employees in repairing cars belonging to the Georgia & Florida Railway.

4. It is declared in the Civil Code, § 2795: "All persons furnishing material, supplies, or other articles necessary to the operation of any railroad company which is operated in this State, and all persons having claims against such company for live stock killed by its engines or cars, shall have a lien upon the property of the company for the amounts due for such supplies, material, or other necessary articles furnished within six months preceding the institution of proceedings to enforce the same, or for the amounts due to them for damages for the killing of such live stock, which lien shall be superior in dignity to any mortgage or other contract lien created by said railroad company." Under this statute, the Seaboard Air-Line Railway acquired a lien for use and hire of its cars and equipment, for coal, for material used in repairing cars, for rental of water-tank, for tariffs, and for any material used in maintaining and operating the depot at Vidalia; the lien, however, extending only to such portions of such material of any of the foregoing classes as were furnished within six months immediately preceding the filing of the intervention. *Valdosta &c. R. Co.* v. *A. C. L. R. Co.*, supra. While the trial judge correctly held that the intervenor was entitled to a lien upon the claims for material furnished, as indicated above, it was erroneous to allow a lien superior to the mortgage as to such items of the several claims as accrued more than six months prior to the filing of the intervention.

5. The Seaboard Air-Line Railway was entitled to reimbursement for a portion of the taxes paid on the joint property at Vidalia, and the court properly allowed this item as superior to the mortgage. *Valdosta Bank & Trust Co.* v. *Pendleton*, 145 Ga. 336 (89 S. E. 216).

6. Under the principles of the cases cited in the preceding notes, the Seaboard Air-Line Railway was not entitled to a statutory or equitable lien, superior to the lien of the mortgage, for any of the claims set up by the intervenor based on passenger-traffic balances, freight-traffic balances, freight-claim accounts, or for miscellaneous bills; and the judgment was not erroneous on the ground that it failed to set up a lien for such claims superior to the mortgage.

*Judgment, in the case of Baltimore Trust Co. v. Seaboard Air-Line Ry. et al., affirmed in part and reversed in part; in the case of Seaboard Air-Line Ry. v. Baltimore Trust Co. et al., affirmed. All the Justices concur.*
Nos. 1158, 1161. July 17, 1919.

Equitable action—intervention. Before Judge Hammond. Richmond superior court. August 26, 1918.

*Harman, Cook, Chestnut & Markell* and *Cumming & Harper,* for plaintiff.

*E. S. Ault, King & Spalding,* and *Barrett & Hull,* contra.