BELSER, receiver, *v.* PUCKETT.

No. 10061. AUGUST 8, 1934.

*Ray Williams* and *Colquitt, Parker, Troutman & Arkwright,* for plaintiff in error.
*R. W. Smith Jr.,* contra.

HUTCHESON, J. Morgan S. Belser was appointed as receiver in the case of Donaldson Art Sign Company *v.* John S. Owens, in

Fulton superior court, and obtained an order of court directing a sale of land involved in said cause. M. M. Puckett filed an intervention, and by verdict of a jury and decree of court, dated February 16, 1933, established the validity of certain tax fi. fas. which had been transferred to him. The Atlanta Joint Stock Land Bank held a deed to said property to secure a debt, and this debt was assumed by the purchaser, but by agreement with the receiver the purchaser paid to said bank approximately $2700, representing past-due instalments and interest on said loan. Upon the consummation of said sale Puckett demanded payment of the tax executions held by him, and such payment was refused by the receiver, who filed his petition asking that the court postpone the payment of such tax fi. fas. until the expenses of administration had been paid, and that Puckett, the transferee, be taxed with part of the costs of said proceeding. On October 3, 1933, an order of court was passed, fixing fees in the receivership proceeding, as follows: Auditor, Madison Richardson, $1500; Receiver, Morgan S. Belser, $2000; Attorney for receiver, Ray Williams, $1500; Stenographer, estate of Sig Titlebaum, $500; Attorney for petitioning creditors, William J. Davis Jr., $2500; Colquitt, Parker, Troutman & Arkwright and Ray Williams, $2500; making a total of $10,500, of which amount $4000 represented attorneys' fees; and on this order of court $953 was actually paid on account.

Upon the hearing of the petition of the receiver, asking that said tax executions be postponed to the payment of expenses of administration, and that Puckett be taxed with part of the costs, the court passed an order, dated October 4, 1933, in which it was decreed in part as follows: "Upon consideration, it is ordered and decreed that the prayer of the receiver in said case be and the same is hereby refused. It is ordered and decreed that the tax executions of intervenor, M. M. Puckett, were superior liens on said property to that of the Atlanta Joint Stock Land Bank of Atlanta, and also superior to the fees and expenses of said receivership; and that when said property was sold, the lien of said M. M. Puckett for taxes did attach to the purchase-price of said sale, and to the proceeds from said sale. It is decreed and ordered that the receiver, Morgan Belser, do pay to said M. M. Puckett the full amount of said tax executions, as set out in the prior order of this court dated February 16th, 1933, including the costs and interest

enumerated in said order. Said M. M. Puckett is hereby granted permission by the court to institute an action against said Morgan Belser, the receiver in said case, and the surety on his receivership bond, because of said receiver's failure to pay said M. M. Puckett the amount of said tax executions according to the order of this court, in the event of his failure to do so." The receiver excepted to this order.

■■ The principles stated in the first and second headnotes are such well-established rules of law that they need no elaboration. See *Ferris* v. *Van Ingen*, 110 *Ga.* 102 (8) (35 S. E. 347) ; *Thompson* v. *Adams*, 157 *Ga.* 42 (2) (120 S. E. 529).

■ By verdict and decree of Fulton superior court the tax executions held by the transferee in the instant case were declared to be valid prior liens against the property involved in the receivership proceeding and against any funds arising from the sale of such property. Subsequently to this order of court certain moneys arising from the sale of such property were paid to a junior lienholder and also to expenses of administration. The receiver in charge of such funds thereby became liable for the payment of the tax executions above referred to, and was subject to suit by the holder of such executions, as liens for State, county, and municipal taxes are given priority in this State. Code of 1910, § 3329; *Valdosta Bank & Trust Co.* v. *Pendleton*, 145 *Ga.* 336 (3) (89 S. E. 216). And it is immaterial, in view of the payment to a junior lienholder, whether the executions represented past-due taxes or taxes which had accrued during the receivership. This ruling is not in conflict with the law as laid down by this court in the cases of *Stewart* v. *McDonald*, 147 *Ga.* 158 (93 S. E. 86), and *Kelley* v. *Collins & Glennville Railroad Co.*, 159 *Ga.* 550 (126 S. E. 373) ; as in those cases there was no junior lienholder claiming the funds. There is no error in the order of the court complained of.

*Judgment affirmed. All the Justices concur.*