PEAVY *v.* TURNER, executor.

That a lien is by statute created in favor of attorneys at law, and that an attorney is, in a given instance, proceeding thereunder to foreclose his lien for fees, does not make the debt thus sought to be collected a statutory liability. When the claim for such fees is simply on open account, the remedy of enforcing the lien for its payment becomes barred in four years after the right of action acrues.

Argued March 27, — Decided April 24, 1899.

Equitable petition. Before Judge Harris. Meriwether superior court. February term, 1898.

*George L. Peavy,* pro se.
*John W. Park* and *Park & Gerdine,* contra.

LEWIS, J. George L. Peavy brought suit in Meriwether superior court, against Green B. Turner as executor of Mary Turner, deceased, for amount of fee for services, due by the deceased to the plaintiff as attorney at law in procuring for her a year's support which was set aside to her in specific property then in the hands of her administrator. He claimed a lien for attorney's fees on this property. It does not appear that there was any written contract for fees, but that a debt was due upon open account, which, according to the allegations of the petition, had been due more than four years prior to the death of the deceased. A demurrer to the action was sustained on the ground that the claim was barred by the statute of limitations. It is contended by counsel for plaintiff in error, that inasmuch as a lien was by law created in his favor upon the particular property mentioned in the hands of the administrator, the right he was asking to have enforced accrued to him under statute, and that, under section 3766 of the Civil Code, all suits for the enforcement of such rights, or those accruing by operation of law, could be brought within twenty years after the right of action accrued. This provision of law is where the statute creates a liability that is directly the ground of the action, and does not apply to a case where the liability is created by contract between the parties. In this case the liability was created by the contract between client and attorney and the rendition of the services by the attorney in pursuance of his

employment. The creation of the lien by law in favor of the attorney only provided for him an additional remedy for the purpose of enforcing that liability. The contract not being in writing, the attorney's account for fees was barred by the statute of limitations within four years after the debt became due. The liability being thus extinguished, the remedy provided by law for its enforcement necessarily became inoperative. For certain acts of a debtor the law prescribes a remedy in favor of the creditor by attachment. It could with just as much force be said that this remedy was a right accruing to the creditor under statute, and therefore it created a statutory liability, as to contend the same thing with reference to an attorney's lien. In the case of *Pare* v. *Mahone*, 32 *Ga.* 253, it was decided that a proceeding by a creditor to enforce his claim by attachment does not make the debt a statutory liability. Lyon, J., in delivering the opinion on page 255, says: "The remedy for the enforcement of a debt, whether given by statute or existing at common law, does not alter, change, or affect the character of the liability; that remains as it was originally created, no matter what form of proceeding the creditor adopts to enforce its collection. A statutory liability is one that depends for its existence and creation upon the special enactment of a statute, and not upon the contract of the parties."

*Judgment affirmed. All the Justices concurring.*