## 57750. GAYLE v. GRECO et al.

BANKE, Judge.

The plaintiff-appellant sued to recover reasonable compensation under an agreement whereby she was to provide nursing care for one since deceased. The executors of the estate defended. Plaintiff appeals a directed verdict in favor of the estate, an action which followed the trial court's determination that an express agreement was not proved. *Held:*

"The rule is that the pleader may declare an express, *non-special* contract, and recover upon proof of an implied promise. But he cannot declare upon a special contract, and recover upon proof of an implied promise, nor vice versa." *Hightower v. Scarborough,* 79 Ga. App. 342, 344 (53 SE2d 726) (1949), quoting *Jackson v. Buice,* 132 Ga. 51, 54 (63 SE 823) (1908). "Ordinarily, when one renders services or transfers property valuable to another, which the latter accepts, a promise is implied to pay the reasonable value thereof . . ." Code Ann. § 3-107. "Whether the suit be construed as based upon an express or an implied contract, the proof necessary . . . as to the amount of the services . . . and their value is the same." *Jackson v. Buice, supra.* The complaint in this case alleged an agreement in very general terms, being non-specific as to term, hours, and compensation. The evidence was more than adequate to submit to the fact

finders on an implied promise theory with recovery based upon quantum meruit.

*Judgment reversed. McMurray, P. J., and Underwood, J., concur.*

ARGUED MAY 2, 1979 — DECIDED JULY 10, 1979.

*Moore & Worthington, William C. Moore, Donald M. Samson,* for appellant.

*Thomas R. Bryan, Jr.,* for appellees.