### 61901. GRINER et al. v. FOSKEY et al.

DEEN, Presiding Judge.
The appellant attorneys filed a petition in two counts alleging they represented five children of W. H. Foskey, Sr., deceased, in certain litigation for which they had not been paid. Count 1 sought foreclosure of an attorney's lien, and Count 2 was based on quantum meruit and on the testimony of the name appellant that the defendants had agreed to pay her "one third of the property that was saved for them." Summary judgment was granted the defendants on Count 1 and a jury verdict for plaintiffs in the sum of $500 on Count 2 is attacked as being grossly inadequate.

1. (a) As to Count 1, we agree with the trial court that the defendants were entitled to a summary judgment finding no valid attorney's lien existed, but not on the ground stated in the order, which read as follows: "The Court determined that plaintiffs' notice of lien as filed specifies no due date of the indebtedness, and the Court found that plaintiffs failed to commence an action for the recovery of the amount of their alleged claim within 12 months from the due date, which date the Court determines to be no later than the date of filing of the lien." This part of the order refers of course to

Code § 67-2002 relating to the foreclosure of liens for materials and certain other services, and which requires that the action be brought within 12 months from the time the debt becomes due. This question was raised by a ground of the motion for summary judgment contending that the lien was barred by the statute of limitations. However, Code § 67-2002 is applicable to attorney's liens only when the struggle is between the attorney and an innocent third party; as to an issue between the attorney and client only, it is not necessary to show compliance with the lien statutes of Code Ch. 67-20 in order to recover. *Coleman v. Austin,* 99 Ga. 629 (25 SE 853) (1896). Where a contract between attorney and client is not in writing the statute of limitations on the debt is four years. *Peavy v. Turner,* 107 Ga. 401 (33 SE 409) (1899). Thus, the fact that the action for payment of attorney fees was not brought within one year, or that other requirements of § 67-2002 were not met, is no ground for denying the claim.

(b) However, the charging lien sought to be foreclosed by this action must be shown to exist under either Code § 9-613 (2) or (3). The first subsection refers to a lien on suits, judgments and decrees for money. The second is upon suits for the recovery of real or personal property and judgments or decrees for the recovery of the same. *Prudential Ins. Co. v. Byrd,* 188 Ga. 527 (1) (4 SE2d 175) (1939). It does not apply to actions in which neither money nor property may be gained for the plaintiffs or saved for the defendants. Thus, in a divorce action where the parties reconcile before a judgment for alimony and attorney fees is entered, there is no lien against the husband. *Keefer v. Keefer,* 140 Ga. 18 (1) (78 SE 462) (1913). An application to set apart a homestead is neither a suit for money nor for the recovery of property, and therefore cannot form the basis for a lien. *Haygood v. Dannenberg Co.,* 102 Ga. 24 (29 SE 293) (1897).

The present action is one brought on behalf of the children of a decedent to remove one Dockery as the administrator of their father's estate, and replace him with J. M. Foskey, an uncle. After a series of maneuvers on both sides it appears that Dockery was removed and Foskey was granted letters of administration. It does not appear that this conclusion of the litigation resulted in any monetary or property accrual to any of the defendants which they would not have had in their status of heirs of the deceased. Cf. *Woodward v. Lawson,* 225 Ga. 261 (3) (167 SE2d 660) (1969). Therefore, while Georgia seems not to have considered the exact question, we are persuaded that the facts closely follow In Re Nocton's Estate, 162 NYS 215 (1916), which was likewise an application by an attorney for an order determining and enforcing an alleged lien against the estate of a decedent. It was there held that while one who employs an attorney in order to procure letters of administration may owe the latter money, this is an

individual matter and not a lien against the general assets of the estate. "But in this matter there are no proceeds, as the decree did not determine the right of the petitioner's client to any part of the decedent's estate, but merely his right to act as administrator of it. Therefore, there are no proceeds of the decree to which the lien could attach." We therefore conclude that the grant of summary judgment to the defendants on the attorney lien issue was correct. Although the original administrator was removed and the nominated uncle was appointed, even assuming that this financially protected the estate, it brought no fund to the heirs individually and there is accordingly nothing on which the lien could operate.

2. Quantum meruit lies ordinarily when one renders services valuable to another which the latter accepts, raising the implication of a promise to pay the reasonable value thereof. Code § 3-107. But in an action for attorney fees "it does not follow, if there were more parties than one on a side, and the attorney was employed by only one, and the others had knowledge that he was representing the whole case, and the services were for their benefit, and accepted by them, that to avoid liability it was their duty to have notified the attorney that they would not be liable." *Simms v. Floyd,* 65 Ga. 719 (2) (1880).

Where there is no special contract between the parties, the attorney may recovery on quantum meruit for the reasonable value of the services rendered. *Iteld v. Karp,* 85 Ga. App. 835 (1) (70 SE2d 378) (1952). *Gayle v. Greco,* 150 Ga. App. 651 (258 SE2d 301) (1979). "Reasonable value" in this context means value to the person receiving the service rather than to the one performing it. *Adair Realty Co. v. Wellman,* 141 Ga. App. 101, 103 (2) (232 SE2d 571) (1977); *Sharp-Boylston Co. v. Lundeen,* 145 Ga. App. 672, 674 et cit. (244 SE2d 622) (1978). Assuming that there had been, as testified to by the plaintiff appellant, an oral understanding as to attorney fees, the plaintiff had the right, on refusal to pay, to choose between an action for breach of contract and one for the reasonable value of the services rendered. *Brown v. Home Security Corp.,* 106 Ga. App. 147 (2) (126 SE2d 439) (1962). Thus, on the trial of the case, the jury was offered a choice between the defendants' contention that they had never contracted with the appellant attorneys but whatever they had done was at the request and for the benefit of their brother. W. H. Foskey, Jr., who did have a contract with the appellants, or a choice on the other hand of determining that an attorney-client relationship did in fact exist between the four defendants served with process which would require making a decision as to the value to the heirs of these services.

The fact that the jury returned a verdict in favor of the

appellants establishes that they believed the attorney-client relationship to exist, and the only remaining question is whether, that being so, the verdict is inadequate as a matter of law. "In suits upon quantum meruit, an amount representing the value of professional services is for the jury to determine." *Buffington v. McClelland,* 130 Ga. App. 460, 464 (1) (203 SE2d 575) (1973). In *Marshall v. Bahnsen,* 1 Ga. App. 485, 486 (57 SE 1006) (1907), it was held that upon quantum meruit for the value of professional services the question of reasonableness is peculiarly within the province of the jury. "In such matters their finding, when approved by the trial judge, is final and not reviewable upon the facts." The same rule of course applies to bench trials based on quantum meruit for attorney fees. Culpepper v. Reynolds Metals, 442 F2d 1078. We find no authority under the circumstances for holding the jury verdict inadequate as a matter of law.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED MAY 19, 1981 —
REHEARING DENIED JUNE 10, 1981.

*Fred L. Belcher, Elsie H. Griner,* for appellants.
*M. Theodore Solomon,* for appellees.