A93A2290. RAMSEY v. SUMNER.
A93A2291. RAMSEY et al. v. NEWTON GENERAL HOSPITAL.
(438 SE2d 676)

BIRDSONG, Presiding Judge.

Appellee Newton General Hospital brought suit on account against appellants Thomas and Patsy Ramsey for certain medical bills. Another suit was pending for damages arising from an automobile collision between Patsy Ramsey and Brenda L. Sumner, administrator of the estate of Charles Sumner; $15,000 in insurance proceeds was paid into the superior court registry, by defendant's insurer, in settlement of that action. On January 14, 1993, appellee hospital and appellants Ramsey entered into a consent judgment whereby appellants confessed judgment in an amount of $23,866.20 plus $4,507.77 in interest, thereby resolving all claims between the parties in the suit on account. On February 12, 1993, a writ of fieri facias was issued in accordance with the terms of the consent judgment, and it is uncontroverted that the fi. fa. was recorded on the general execution docket on March 17, 1993. Subsequently several creditors applied to the court for some or all of the funds in the registry in satisfaction of debts owed them by Thomas and Patsy Ramsey. Among those claims were medical claims of Patsy Ramsey's doctor. On April 28, 1993, appellee hospital filed a motion in appellants' suit for damages, entitled

"Motion of Non-Party Newton General Hospital to Condemn Funds," asserting its claim as a judgment creditor against the entire $15,000 in the court's registry. On April 16, 1993, appellants' attorney filed a motion to set aside $6,000 in attorney fees (said amount being calculated in accordance with a 40 percent contingent fee agreement between appellants and their attorney) based upon a claim of an attorney's lien on that property of their clients in the form of the $15,000 settlement now on deposit in the court registry. This motion was filed in the suit on account, brought by the hospital against appellants, and does not appear in the record of the suit for damages brought against the estate. However, on June 16, 1993, a brief in support of the attorney's motion was filed in the suit against the estate. The total amount of all timely filed claims is nearly $100,000.

Case Nos. A93A2290 and A93A2291 are appeals from the order of the superior court entered as to both cases. This order acknowledges that the $15,000 deposited with the court is "in settlement" of the suit for damages (Civil Action No. 91-165-S). It then holds that medical claims have priority when all claims are timely filed and, accordingly, awards $3,771 to Mrs. Ramsey's attending physician and the remainder of the fund deposited in court of $11,229 to Newton General Hospital, as the first hospital to treat Mrs. Ramsey after her accident. The common enumeration of appellants is the trial court erred in ruling that medical claims have priority over a valid attorney's lien created pursuant to OCGA § 15-19-14. *Held*:

1. These appeals are hereby consolidated.

2. As neither party argues in its brief or cites authority supporting a claim that either the attorney's lien or the hospital's claim of lien as a judgment creditor was filed improperly or untimely, such issues are deemed abandoned on appeal. Court of Appeals Rule 15 (c) (2).

3. Appellee hospital, citing *Royal Indem. Co. v. Mayor &c. of Savannah*, 209 Ga. 383 (73 SE2d 205) and *Morgan v. Sims & Nance*, 26 Ga. 283, asserts that, as a judgment creditor, it had a general lien over all of appellants' real and personal property, and that said lien took priority over all claims upon which no judgment had been obtained and recorded, and over all claims upon which judgment was rendered after January 14, 1993 (the date the hospital obtained judgment against appellants). Moreover, appellants assert that, pursuant to OCGA § 44-14-323, liens rank according to their date with the oldest having priority. Although we do not take issue with the general legal principles expressed in the precedent cited by appellee hospital, such precedent is not dispositive of the issue before us. *Morgan*, supra, involves a contest between a creditor and an alleged bona fide purchaser of the property levied on from the debtor. Id. at 287. *Royal*, supra, involves a contest between a judgment creditor and the State's

lien under the Motor-Fuel Tax Law.

Lien laws, including the attorney's lien statute, must be strictly construed. *Law Office of Tony Center v. Baker*, 185 Ga. App. 809, 810 (366 SE2d 167). Nothing in OCGA § 44-14-470 gives an express statutory priority to a hospital or medical lien over an attorney's lien. Rather, OCGA § 44-14-470 (b) pertinently provides: "Any person, firm, [or] hospital authority . . . operating a hospital . . . in this state shall have a lien for the reasonable charges for hospital . . . care and treatment of an injured person, which lien shall be upon any and all causes of action accruing to the person to whom the care was furnished or to the legal representative of such person on account of injuries giving rise to the causes of action and which necessitated the hospital . . . care, *subject, however, to any attorney's lien.*" (Emphasis supplied.) OCGA § 15-19-14 (b) provides: "Upon actions, judgments, and decrees for money, attorneys at law shall have a lien *superior to all liens* except tax liens; and no person shall be at liberty to satisfy such an action, judgment, or decree until the lien or claim of the attorney for his fees is *fully satisfied.* Attorneys at law shall have the same right and power over the actions, judgments, and decrees to enforce their liens as their clients had or may have for the amount due thereon to them." (Emphasis supplied.)

An attorney's lien " 'attaches to the fruits of the labor and skill of the attorney, whether realized by judgment or decree, or by virtue of an award, or in any other way, so long as they are the result of his exertions.' " (Citations omitted.) *Brotherton v. Stone*, 197 Ga. 74 (3) (28 SE2d 467). We find that the $15,000 settlement here at issue, at a minimum, constituted an award and also, that the obtained "settlement" expressly referred to in the trial court's order was per force a result of the exertion of appellants' attorney. An attorney's lien arises upon the attorney's employment and is perfected by the ultimate recovery of the judgment for his client; as a general rule, between the attorney and other creditors of the client, it is not essential to the validity of the lien that it should be filed, or recorded, or enforced by foreclosure. *Molloy v. Hubbard*, 48 Ga. App. 820, 821 (1) (173 SE 877). In *Johnson v. Giraud*, 191 Ga. 577 (2) (13 SE2d 365), the Supreme Court noted that "every decision holding that recording of the claim of [an attorney's] lien was not necessary in order to bind the client and his creditors dealt with creditors existing at the time that property was recovered by the attorney. The [general attorney's lien] rule is therefore limited to such existing creditors, and has no application whatever to future creditors." However, if an attorney files his assertion claiming a lien on the recovered property within 30 days after perfection of said lien by property recovery, his lien would bind all persons, including future lienholders and purchasers for value. See generally OCGA § 15-19-14 (d). In any event, the records in this con-

solidated appeal establish that appellee hospital was an existing creditor at the time the property (in the form of the $15,000 settlement) was obtained by appellants' attorney. Compare *Johnson*, supra, with *Dunagan v. Marell Farms*, 95 Ga. App. 857 (1) (99 SE2d 236). Further, appellee hospital correctly concedes in its brief that, although it did not receive actual notice of the attorney's lien until well after they had received and recorded their judgment, the hospital "was a creditor existing at the time that [appellants' attorney] agreed to accept the $15,000 insurance proceeds in its pending action." Thus, the general rule of the attorney's lien law applies and the lien of appellants' attorney had priority over all medical claims of existing creditors. Accordingly, the trial court erred in granting appellee a priority claim over the settlement proceeds and in ruling that "medical claims have priority when all claims are timely filed."

4. Appellees assert that the failure to record a lien timely should have the same effect regarding attorney's liens as befalls other neglectful lienholders. Suffice it to say, the attorney's lien statute is clear and unambiguous; we are satisfied that a rational basis exists for its enactment.

5. Appellees speculate that the trial court awarded medical claims a priority because the attorney's fee claim was unreasonable in amount. The order on its face does not support such a contention. This court will not speculate as to such matters. See *Whelchel v. Thomas Ford Tractor*, 190 Ga. App. 156 (1) (378 SE2d 510). Further, this issue is not ripe for appellate adjudication. *Southern Bus. Machines of Savannah v. Norwest Fin. Leasing*, 194 Ga. App. 253, 260 (390 SE2d 402).

*Judgment reversed. Pope, C. J., and Andrews, J., concur.*

DECIDED DECEMBER 1, 1993.

*Deming, Deming, Born & Parker, Peter L. Lublin*, for Ramsey.
*Chambers, Mabry, McClelland & Brooks, Cynthia J. Becker*, for Sumner.
*William J. Crowe, Christine C. Daniel, William A. Moncreif*, for Newton General.