A96A1746. HESTER v. CHALKER et al.
(476 SE2d 79)

Judge Harold R. Banke.

Kenneth L. Chalker, Jr. filed a complaint for interpleader and deposited funds with the court to determine the viability of the lien filed by attorney Jerrold W. Hester against certain real property. Hester appeals the partial summary judgment awarded to Myong Suk Sullivan, a subsequent purchaser of the real property against which Hester filed the lien.

Relying on OCGA § 15-19-14, Hester filed an attorney's lien against certain real property on June 16, 1992, for legal services performed on behalf of his divorce client, Lydia Black. Black, however, was not awarded sole ownership of the real property by final judgment and decree of divorce until October 22, 1993. It is undisputed that the lien was properly recorded and that Hester never filed an action to enforce the lien.

When Black transferred and sold the property to Sullivan by warranty deed in February 1994, the closing attorney for the transaction failed to report the lien on the title examination and the lien remained unsatisfied. Later when Sullivan attempted to transfer the property to Nino Buffo on June 6, 1995, Buffo refused to proceed with the sale unless Hester's outstanding attorney's lien was satisfied. The closing attorney, Chalker, withheld $7,000 from Sullivan's proceeds and filed the underlying interpleader action. Both Hester and Myong Suk Sullivan asserted entitlement to the funds. After Sullivan sued Black as a third-party defendant, Sullivan then filed a motion for partial summary judgment on the issue of the enforceability of Hester's lien against the subject property.

The trial court granted partial summary judgment to Sullivan finding that Hester's lien was unenforceable because he failed to perfect the lien by filing an action to enforce the lien against the subject property within 12 months as required by OCGA § 44-14-361.1 (a) (3). The court dismissed both Sullivan's claim against Black and Black's cross-claim against Hester. Hester appeals the partial summary judgment. *Held*:

1. Hester contends that the trial court erred in determining that his attorney's lien was unenforceable because he did not file suit to enforce the lien within 12 months. Hester argues that the time constraint of OCGA § 44-14-361.1 (a) (3) is not applicable to attorneys' liens. We agree.

Generally, an attorney's lien arises upon the attorney's employment and is perfected by the ultimate recovery of the judgment for his client. *Ramsey v. Sumner*, 211 Ga. App. 202, 204 (438 SE2d 676) (1993). In this case, it is undisputed that Black employed Hester to represent her in the divorce proceedings and that Black recovered the real property subject to Hester's lien pursuant to the divorce settlement.[1]

Although Hester filed his lien in reliance on OCGA § 15-19-14, the attorney lien statute, the trial court erroneously applied the time limit imposed by OCGA § 44-14-361.1, the materialmen's lien statute. Nothing in OCGA § 44-14-361 authorizes its application to attorneys. By its plain terms the reach of the materialmen's lien statute is limited to persons who have improved the property at issue. OCGA § 44-14-361; Hinkel, Ga. Construction Mechanics' & Materialmen's Liens (2nd ed.), Persons Entitled to Claim a Lien, § 4-1. The General Assembly did not elect to include attorneys in the list of persons having a special materialmen's lien on real estate, and lien statutes being in derogation of the common law require strict construction. See *Law Office of Tony Center v. Baker*, 185 Ga. App. 809, 810 (366 SE2d 167) (1988). Because the materialmen's lien statute does not control Hester's lien for unpaid attorney fees, it follows that the time limit imposed by OCGA § 44-14-362 is inapplicable.

The attorney lien statute establishes the priority of attorneys' liens and the method of enforcement. OCGA § 15-19-14. According to the statute's plain terms, it permits but does not require enforcement of attorney liens by means of mortgage and foreclosure. OCGA § 15-19-14 (c). Nor does the statute require that suit be filed to enforce the lien within 12 months.

2. Hester correctly argues that Sullivan was not a "bonafide purchaser without notice" within the meaning of OCGA § 15-19-14 (c). A properly filed attorney's lien binds all persons including future lienholders and purchasers for value including bona fide purchasers. OCGA § 15-19-14 (d); *Johnson v. Giraud*, 191 Ga. 577, 583 (13 SE2d 365) (1941); *Ramsey*, 211 Ga. App. at 205. Further, according to the attorney lien statute: "[t]he property recovered shall remain subject to the [attorney's] liens unless transferred to bona fide purchasers without notice." OCGA § 15-19-14 (c). The purpose of recording statutes is to protect both the lienholder and innocent persons acting in good faith who lack the means of discovering the lien of another. *Johnson*, 191 Ga. at 582.

Because it is undisputed that at the time Sullivan purchased the property from Black, the lien was properly filed and recorded, Sulli-

---

[1] Hester withdrew from representation prior to the final settlement.

van was not without means of discovering the lien, and constructive knowledge of the lien can be imputed to Sullivan. *Kilgore v. Buice*, 229 Ga. 445, 448 (192 SE2d 256) (1972). The property thus transferred was subject to Hester's lien, and Sullivan was not a "bonafide purchaser without notice." See id.; *Johnson*, 191 Ga. at 583.

Finally, we reject Sullivan's argument that *Griner v. Foskey*, 158 Ga. App. 769 (282 SE2d 150) (1981) demands a different result. As noted above, Sullivan was not an "innocent third party" as contemplated by the dicta in *Griner*. Id. at 770. Because the lien was filed and recorded, it was good against Sullivan. See *Coleman v. Austin*, 99 Ga. 629 (27 SE 763) (1896); *Burgin & Sons Glass Co. v. McIntire*, 7 Ga. App. 755, 758 (1) (68 SE 490) (1910).

Inasmuch as the materialmen's lien statute was inapplicable to these facts and because Sullivan was not a "bonafide purchaser without notice," partial summary judgment in favor of Sullivan must be reversed. In light of the above holding, we need not reach Hester's final enumeration.

*Judgment reversed and case remanded. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED SEPTEMBER 17, 1996.

*Jerrold W. Hester*, pro se.
*Mark M. Middleton*, for appellant.
*Kenneth L. Chalker, Jr.*, pro se.