A97A0916. D. ROBERT AUTREY, JR., P.C. v. BAKER.
(492 SE2d 261)

Judge Harold R. Banke.

After handling certain aspects of Elena S. Baker's divorce, one of her attorneys, D. Robert Autrey, Jr., P.C. ("Autrey"), filed the underlying liens on her alimony, equitable division of property and certain personalty pursuant to OCGA § 15-19-14 (a). It is undisputed that on December 5, 1995, Baker made a demand on Autrey to withdraw the lien, contesting the validity of the lien; the demand letter, however, is not of record. On December 21, 1995, Autrey moved to foreclose on the liens. This appeal arises from the trial court's determination that Autrey's motion to foreclose was untimely filed. Autrey enumerates four errors.

Autrey's motion to foreclose alleged that Baker owed over $31,000 in legal fees. Most of the property at issue was placed in an escrow account controlled by Baker's former husband's attorney. It remained there by court order.

Responding to Autrey's allegations, Baker claimed that Autrey's representation of her had been limited solely to tax matters, she had already paid the firm $7,000, and during its principal's representation they had engaged in sexual relations which had ceased prior to the submission of the bill. She also raised the timeliness issue, citing Autrey's failure to file its motion to foreclose within ten days of her demand contesting the validity of the lien.[1]

The trial court determined that Autrey had constructive possession of the funds at issue, which triggered the ten-day limitation period for filing a motion to foreclose under OCGA § 44-14-550 (1). It is undisputed that Autrey filed the motion on the sixteenth day after receiving Baker's demand. *Held*:

1. By failing to provide proof that it raised the issue below,

---

[1] The record indicates that the parties' written arguments were supplemented by testimony. Because a transcript of that hearing is not included in the appellate record, we will not consider the purported testimony.

Autrey waived its contention that the trial court erred in finding that Baker made a formal demand. See *Aldalassi v. Drummond*, 223 Ga. App. 192, 193 (3) (477 SE2d 372) (1996). Under these circumstances, we cannot find error in the trial court's assumption that demand was made, particularly when the record includes Autrey's admission that "[o]n December 5, 1995, Ms. Baker challenged the validity of the debt that was the basis for the filing of the attorney fees liens." See *Anderson v. Oakley*, 133 Ga. App. 758, 759 (1) (212 SE2d 875) (1975).

2. Autrey maintains the trial court erred in finding it had constructive possession of the alimony and equitable division placed in escrow. The court premised this conclusion on the fact that Autrey's actions prevented Baker from taking possession of those assets.

Constructive possession "may be used to designate the relationship between the owner of property and the property when the owner is not in actual possession thereof, and the general rule seems to be that if the owner knows where the property is, so that he would be able to recover the actual possession when he desired, then he is in constructive possession." *Farmer v. State*, 112 Ga. App. 438, 442 (3) (145 SE2d 594) (1965). It is undisputed that Baker's former husband's attorney placed the funds at issue in his escrow account after learning of Autrey's lien. But nothing in the record shows that Autrey controlled the escrow account or could recover its contents at will. Baker's unsubstantiated claim that Autrey attempted to take possession of the assets by advising her former husband to send all payment to it or to the former husband's counsel does not alter this fact. Absent some legal authority, Baker's claim that Autrey's mere attempt to prevent her from obtaining the assets constitutes constructive possession is unpersuasive. Id. Thus, the trial court erred in holding Autrey to OCGA § 44-14-550 (1)'s ten-day time limit. See *Griner v. Foskey*, 158 Ga. App. 769, 770 (1) (a) (282 SE2d 150) (1981) (applying the enforcement provisions of a similar lien statute only when the attorney's struggle is with an innocent third party, and holding that "as to an issue between the attorneys and client only, it is not necessary to show compliance with the lien statutes . . . in order to recover"); see *Ramsey v. Sumner*, 211 Ga. App. 202, 204 (3) (438 SE2d 676) (1993) (as a general rule, between the attorney and the client, "it is not essential to the validity of the lien that it should be filed, or recorded, or enforced by foreclosure"). Because Autrey's motion was not untimely, we must reverse and remand for further proceedings. In light of the disposition of this appeal, we need not reach Autrey's remaining enumerations.

*Judgment reversed and case remanded. Birdsong, P. J., and Eldridge, J., concur.*

DECIDED SEPTEMBER 5, 1997.

*D. Robert Autrey, Jr., Michael K. Biglow*, for appellant.
*Stephen E. Boswell, Steven C. Teske*, for appellee.