### A98A1121. ELLIS, FUNK, GOLDBERG, LABOVITZ & DOKSON, P.C. v. KLEINBERGER.

(509 SE2d 660)

Judge Harold R. Banke.

Ellis, Funk, Goldberg, Labovitz & Dokson, P.C. ("EFGL&D") asserted an attorneys' lien against Itamar Kleinberger, its former client. Enumerating two errors, EFGL&D appeals the order declaring that lien forfeited and cancelled.

EFGL&D represented Kleinberger in the sale of his interest in KES Irrigation System, Inc. ("KES"), a closely held corporation. EFGL&D also represented Kleinberger in a dispute with KES over post-sale complications arising between Kleinberger, KES, and his former business partner. Ultimately, the dispute with KES was resolved through an arbitration award which the superior court confirmed. The arbitrators modified the original terms of the purchase and sale agreement, shortening the term for payment and reducing the remaining amount of money due Kleinberger. Among other provisions, the award provided for KES to pay $250,000 in 30 monthly installments to Kleinberger. Kleinberger paid a total of approximately $96,400 to EFGL&D for legal work.

In May 1997, Kleinberger communicated to EFGL&D his dissatisfaction with the services rendered and the charges relating thereto. EFGL&D then filed an attorneys' lien claiming entitlement to an additional $62,000 plus interest. EFGL&D served notice of its lien to KES and demanded that KES pay the monthly installments to EFGL&D instead of to Kleinberger until the lien was satisfied. Due to that lien, KES began making its monthly checks jointly payable to Kleinberger and EFGL&D and delivering them to EFGL&D. Kleinberger contested the lien by filing a "Traverse, Objection, and Challenge." By late October, EFGL&D was holding five monthly checks totaling $52,522.82. Kleinberger made a written demand to EFGL&D for these five checks and cancellation of the lien. Despite retaining possession of these checks, EFGL&D never sought to judicially foreclose on its lien.

After a hearing which was not transcribed, the trial court resolved the matter adversely to EFGL&D. In its factual findings, the court expressly found that EFGL&D failed to offer any competent evidence proving the existence of the purported debt or its amount. The court rejected EFGL&D's argument that because EFGL&D had

asserted its attorneys' lien under OCGA § 15-19-14 (b), it did not need to foreclose its lien under OCGA § 15-19-15. Finding that EFGL&D failed to comply with the express terms of OCGA § 15-19-15 to enforce its lien as required by OCGA § 44-14-550, the court declared the attorneys' lien cancelled and forfeited. *Held*:

1. EFGL&D contends that the trial court erred by finding that it was required to institute foreclosure proceedings pursuant to OCGA § 44-14-550. We disagree.

Being in derogation of the common law, lien laws, including the attorneys' lien statute, must be strictly construed. *Ramsey v. Sumner*, 211 Ga. App. 202, 204 (438 SE2d 676) (1993). See *Dixie Concrete Svc. v. Life Ins. Co. of Ga.*, 174 Ga. App. 866 (331 SE2d 889) (1985) (lien laws and procedures must be strictly construed against the lien claimant and in favor of the debtor).

The legislature enacted a bright line rule that "[l]iens of attorneys at law *in possession of personal property* under a lien for fees *shall be satisfied* according to Code Section 44-14-550." (Emphasis supplied.) OCGA § 15-19-15. OCGA § 44-14-550 affords a putative debtor notice and an opportunity to be heard. Part of this foreclosure statute requires, inter alia, that upon receipt of a written demand from the debtor, the lienholder must institute foreclosure proceedings within ten days where possession has been retained or "the lien is forfeited." OCGA § 44-14-550 (1).

Here, it is undisputed that as a result of EFGL&D's assertion of an attorneys' fee lien, EFGL&D came into possession of several checks made jointly payable to Kleinberger and EFGL&D. The first check in the amount of $10,640.94 bears the date of June 27, 1997. Notwithstanding Kleinberger's written demand for that check and the others, EFGL&D retained possession of that check and subsequent ones. In so doing, EFGL&D did not institute foreclosure proceedings within ten days of holding personal property belonging to Kleinberger, thereby failing to comply with the explicit terms of OCGA § 15-19-15. Compare *D. Robert Autrey, Jr., P.C. v. Baker*, 228 Ga. App. 396 (492 SE2d 261) (1997) (ten-day limit on foreclosure not triggered where client failed to establish that her attorney had possession of funds at the time of her demand that he withdraw his lien).

Notwithstanding EFGL&D's claim to the contrary, *Hester v. Chalker*, 222 Ga. App. 783 (476 SE2d 79) (1996), neither authorizes nor demands a different result. In *Hester*, unlike here, the attorneys' lien was against real property not personal property. Id. at 784. Nor did the attorney in that case have possession of the client's personal property. Accord *Lipton v. Warner, Mayoue & Bates, P.C.*, 228 Ga. App. 516, 518 (2) (492 SE2d 281) (1997).

It is well-settled that on appellate review, a trial court's determination of facts when acting as the factfinder must be affirmed unless

clearly erroneous. OCGA § 9-11-52 (a). *Dougherty County Bd. of Equalization v. Casto Dev. Co.*, 228 Ga. App. 293, 295 (491 SE2d 483) (1997). Here, the trial court found that EFGL&D failed to offer any competent evidence to support the purported debt underlying the lien. EFGL&D has not directed our attention to any evidence showing otherwise. Absent a transcript of the hearing, we must assume the trial court's factual finding was correct. See *Hageman v. State*, 205 Ga. App. 644 (423 SE2d 56) (1992).

2. In light of our disposition of Division 1, we need not reach the remaining enumeration.

*Judgment affirmed. Johnson, P. J., and Smith, J., concur.*

DECIDED NOVEMBER 19, 1998.

*Ellis, Funk, Goldberg, Labovitz & Dokson, Donald J. Ellis, Robert N. Dokson, David G. Hester*, for appellant.
*Albert A. Chapar, Jr.*, for appellee.