### A98A1785. JONES v. WELLON.
(514 SE2d 880)

BLACKBURN, Judge.

In this action to clear title, Steven Jones appeals the trial court's grant of summary judgment to his former attorney Robert Wellon, contending that Wellon's lien for attorney fees against real property owned by Jones was invalid because an action on the underlying debt was time barred. As this Court is bound by the precedent of our Supreme Court, we must agree with Jones and reverse the trial court's order.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

*Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

In this case, the material facts are not disputed. Jones hired Wellon to represent him in a divorce action. Subsequently, the attorney-client relationship deteriorated due to disagreements over representation and accumulated attorney fees, so Wellon withdrew from the representation. Wellon last provided legal services to Jones on January 22, 1991. After withdrawing, Wellon established and recorded a lien for his attorney fees under OCGA § 15-19-14 (c) against certain real property still owned by Jones. Wellon never filed suit to recover the fees or attempted to foreclose on the real property. On April 1, 1996, more than four years after the fees were claimed due, Jones filed suit to clear the lien from the title of the property, contending that the four-year statute of limitation on open accounts applicable to the underlying claim had expired, and therefore, the lien was no longer viable. OCGA § 9-3-25. On cross motions for summary judg-

ment, the trial court granted Wellon's motion, holding that the lien was enforceable even though suit for the underlying debt was barred by the statute of limitation. The trial court denied Jones' motion. Jones contends that the trial court erred in so ruling.

As an initial matter, we note that this action in equity to clear title deals specifically with the viability of Wellon's lien, not its value or enforcement. Had the latter been the case, Wellon would have been required to, at the very least, set forth evidence showing the value of his services, of which the record before us is devoid. However, as the nature of this action requires no review of such evidence, the lack of evidence in the record regarding the lien's imposition and value does not affect this opinion. The issue of the validity of the original lien, or its value, is not before us.

Attorney liens are recognized under the chapter of the Georgia Code dealing with liens generally, OCGA § 44-14-320 (a) (11); however, the parameters of such liens and the rights associated with them are established under a separate title and chapter of the Code dealing specifically with attorneys at law, OCGA § 15-19-1 et seq.

The right to impose an attorney lien against real property for services rendered is set forth in OCGA § 15-19-14 (c) which provides:

> Upon all actions for the recovery of real or personal property and upon all judgments or decrees for the recovery of the same, attorneys at law shall have a lien for their fees on the property recovered superior to all liens except liens for taxes, which may be enforced by mortgage and foreclosure by the attorneys at law or their lawful representatives as liens on personal property and real estate are enforced. The property recovered *shall remain subject* to the liens unless transferred to bona fide purchasers without notice.

(Emphasis supplied.)

OCGA § 15-19-14 (d) further provides: "If an attorney at law files his assertion claiming a lien on property recovered in an action instituted by him, within 30 days after a recovery of the same, his lien *shall bind* all persons." (Emphasis supplied.)

> It is well established that the attorney's lien created under OCGA § 15-19-14 (c) attaches to the fruits of the labor and the skill of the attorney, whether realized by judgment or decree, or by virtue of an award, *or in any other way*, as long as they are the result of his exertions.

(Punctuation omitted; emphasis in original.) *Smith, Bassett, Purcell &c. v. Word of God Ministries*, 234 Ga. App. 263, 264 (506 SE2d 427) (1998).

An attorney lien arises upon the attorney's employment and is perfected at the time of the ultimate recovery of the judgment by the client. Although [Wellon] withdrew from representation prior to the final settlement, it is undisputed that [Jones] obtained title of the real property pursuant to the divorce settlement. The liens for attorney fees asserted against the real property which [Jones] recovered pursuant to the divorce [agreement] were not unlawful. See OCGA § 15-19-14 (c).

(Citations omitted.) *Lipton v. Warner, Mayoue &c., P.C.*, 228 Ga. App. 516, 518 (2) (492 SE2d 281) (1997). In this case, however, the question remains whether the lien remained viable beyond the statute of limitation period for debts on open account.

Chapter 19 of Title 15 of the Code places no time limitation on the enforcement of an attorney lien. Likewise, Chapter 14 of Title 44, under which liens of attorneys are recognized, cannot properly be construed to create any such time constraint. OCGA § 44-14-530 (a) provides:

Liens on real property *which are provided for in this chapter*, other than mortgages, shall be foreclosed, *when not otherwise provided for*, by a compliance with his contract by the person claiming the lien and recording his claim and the commencement of an action therefor according to the provisions and requirements of Code Section 44-14-361.1.

(Emphasis supplied.) OCGA § 44-14-361.1 (a) (3), which is part of the materialmen's lien statute, requires "[t]he commencement of an action for the recovery of the amount of the party's claim within 12 months from the time the same shall become due."

However,

[n]othing in OCGA § 44-14-361 authorizes its application to attorneys. By its plain terms the reach of the materialmen's lien statute is limited to persons who have improved the property at issue. . . . The General Assembly did not elect to include attorneys in the list of persons having a special materialmen's lien on real estate. . . . The attorney lien statute establishes the priority of attorneys' liens and the method of enforcement. OCGA § 15-19-14. According to the statute's plain terms, it permits but does not require enforcement of attorney liens by means of mortgage and foreclosure. OCGA § 15-19-14 (c). Nor does the statute require that suit be filed to enforce the lien within 12 months.

*Hester v. Chalker*, 222 Ga. App. 783, 784 (1) (476 SE2d 79) (1996).

Moreover, analysis of Chapter 19 of Title 15 of the Code also indicates that the legislature did not intend for attorney liens on real property created under OCGA § 15-19-14 to be governed by the time restrictions of Chapter 14 of Title 44. This legislative intent can be inferred from a comparison of OCGA §§ 15-19-14 and 15-19-15. "The legislature enacted a bright line rule that '(l)iens of attorneys at law *in possession of personal property* under a lien for fees [pursuant to OCGA § 15-19-15] *shall be satisfied* according to Code Section 44-14-550.'" (Emphasis in original.) *Ellis, Funk, Goldberg &c., P.C. v. Kleinberger*, 235 Ga. App. 360, 361 (1) (509 SE2d 660) (1998). No similar constraints were placed on liens on real property created under OCGA § 15-19-14. Clearly, if the legislature had intended for attorney liens on real property to be governed by the procedures set forth under Title 44, it would have explicitly provided therefor, as it did for liens covered by OCGA § 15-19-15.

Furthermore, review of the statutory amendments of Georgia's attorney lien statutes indicates that such liens should be considered freestanding remedies governed by the standards of Chapter 19 of Title 15. Although liens for attorneys at law were originally provided for in conjunction with other types of liens under one chapter of the Code (Ga. L. 1873, p. 42, § 16; Code 1873, § 1989; Ga. L. 1880-1881, p. 63, § 3; Code 1882, § 1989; Civil Code 1895, § 2814; Civil Code 1910, § 3364), the legislature decided to remove attorney liens from general consideration in 1933 and place them in a completely separate Chapter and Title of the Code (Code 1933, § 9-613) which mirrors the provisions in our current statute. This segregation of the attorney lien indicates an intent by the legislature that it be treated as a special remedy for attorneys, separate and distinct from other remedies created under the Code. As such, construction of attorney liens should be generally limited to Chapter 19 of Title 15, which, as discussed above, does not place a time restriction on their enforcement.

Therefore, for all of the reasons set forth above, the imposition of an attorney lien on real property, as a separate and distinct remedy governed by Chapter 19 of Title 15 of the Code, should not be subject to extinction for failure of the attorney to bring suit to enforce it within a specific period of time.

Nevertheless, we are constrained to follow the holdings of our Supreme Court and apply its construction of the applicable statutes to the case at hand. In *Peavy v. Turner*, 107 Ga. 401 (33 SE 409) (1899) and *Johnson v. Giraud*, 191 Ga. 577, 583-584 (3) (13 SE2d 365) (1941), on which Jones bases his case, our Supreme Court has indicated that the statute of limitation for debts on open account may vitiate the validity of an attorney lien, despite the fact that it is a

separate remedy distinct from the remedy of generally filing suit to recover a debt on open account. In *Johnson*, the Supreme Court opined:

> The plaintiffs in error sought by their intervention to fore-close an attorney's lien given to them by law under the Code, § 9-613 (3). The claim of lien was not filed and recorded within thirty days, as provided in the Code, § 9-613 (4). While originally the debt of the plaintiffs in error was in the form of an open account and was subject to the statute of limitations of four years, and had it remained in the form of an open account for a period exceeding four years it would have become barred by limitation, and if the debt is barred then the lien likewise is barred (*Peavy v. Turner*, [supra]), yet, as set forth in the intervention, the statute of limitations was avoided by taking a note as evidence of the debt, and no claim is here made that the note is barred by the statute of limitations. Accordingly, the ruling in *Peavy v. Turner*, supra, has no application, and the intervention alleges a valid lien.

Id.

In relying on *Peavy*, which was decided prior to the segregation of attorney liens under the Code of 1933, the Supreme Court failed to take into consideration this significant statutory alteration which occurred between *Peavy* and *Johnson*. When *Peavy* was decided in 1899, attorney liens were grouped with other liens subject to the time limitations of the general lien statute. By the time *Johnson* was decided, however, attorney liens had been segregated to a separate chapter which was no longer subject to such general time limits.

The ramification of the law as it now stands under *Johnson* is that attorneys are prompted to sue their clients at the earliest oppor-tunity to receive their fees. The unfortunate bottom line is that attor-neys are encouraged to sacrifice the ethical and moral ideals embod-ied in the lawyer-client relationship in order to protect their economic livelihood. Surely, this is not what our legislature intended, and, hopefully, outmoded common law will soon catch up to current statutory law.

Until such time as the Supreme Court corrects the *Johnson* hold-ing, we have no choice but to apply *Johnson* to the cases before us. Here, Wellon's attorney fees, which were protected by the lien against Jones' real property, were based on an open account. Wellon did not bring suit against Jones within the four-year statute of limi-tation for open accounts. Accordingly, any action on the debt is time barred, "and if the debt is barred then the lien likewise is barred."

*Johnson*, supra.
 *Judgment reversed. McMurray, P. J., and Eldridge, J., concur.*

 DECIDED MARCH 17, 1999 — 

*Furlong & Franco, Leonard L. Franco*, for appellant.
*Martin L. Fierman*, for appellee.