**FIRST DIVISION**
**BARNES, P. J.,**
**MCMILLIAN and REESE, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**June 6, 2018**

# In the Court of Appeals of Georgia

A18A0087. EDWARD N. DAVIS, P. C. v. WATSON.

MᴄMɪʟʟɪᴀɴ, Judge.

The law firm of Edward N. Davis, P. C. ("Davis") appeals from the trial court's order on cross-motions for summary judgment regarding the priority of liens asserted by the various defendants in this interpleader action. In its sole enumeration of error, Davis asserts that the trial court erred in denying its motion for summary judgment because its statutory attorney's lien is superior to any judgment liens claimed by the other interpleader defendants. For the following reasons, we find no error and affirm.

Summary judgment is proper if the pleadings and evidence "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law[.]" OCGA § 9-11-56 (c). Following a trial court's grant or denial of summary judgment, we conduct a de novo review, construing all

reasonable inferences in the light most favorable to the nonmoving party. *Cochran v. Kendrick*, 297 Ga. 655, 658 (2) (778 SE2d 1) (2015). In this case, the material facts are not in dispute and the record shows that on June 3, 2014, the Superior Court of Taylor County issued a final judgment and decree of divorce dissolving the marriage of Robert and Mindy Cartwright (the "Decree").[1] Throughout the divorce proceedings, Mindy was represented by J. Matthew Anthony and his law firm, Warner Bates McGough McGinnis & Portnoy PC ("Warner Bates"). Robert was represented by Davis.

The Decree divided the marital property between Mindy and Robert. Pertinent to this appeal, Robert was awarded a warehouse and lot known as the ANSCO building and a 1966 Ford Mustang, among other items of personal property (collectively "the Property"). The Decree also ordered Robert to pay $200,000 in attorney fees and $150,217.65 in contempt arrearages to Mindy. On June 11, 2014, Warner Bates filed with the Taylor County deed records an attorney's lien in the amount of $200,000 against the ANSCO building. Mindy recorded the Decree with

---

[1] For the sake of clarity, we will refer to the Cartwrights by their first names.

the clerk of Taylor County on July 24, 2014. Then, on March 18, 2016, Mindy filed a writ of fieri facias in Taylor County in the amount of $559,217.65.[2]

The record further shows that during the pendency of the divorce action, Robert and Mindy were defendants in a lawsuit filed by Fujifilm North American Corporation ("Fuji"). On July 21, 2014, the jury found against Robert in the amount of $9,667,149.63.[3] On August 6, 2014, Fuji filed a writ of fieri facias in Taylor County for the full amount of its judgment against Robert. Mindy, Warner Bates, and Fuji disputed the priority of their respective claims against Robert, but eventually entered into a settlement agreement in February 2016 through which Fuji agreed to waive any right to Robert's real property and Mindy and Warner Bates waived any right to Robert's personal property.

On July 5 and 9, 2016, at the request of Fuji, the Taylor County sheriff's office conducted a sale of the Property. It was not until after the sheriff seized the Property and began the auction process that Davis first notified Fuji's counsel by letter dated

---

[2] This amount is for the attorney fees and contempt arrearages awarded by the trial court in the Decree as well as alimony that accrued after the divorce.

[3] The jury also found against Mindy in the amount of $167,741.83.

July 7, 2016, that it was asserting an attorney's lien in an unspecified amount against the Property.[4]

Following the sheriff's levy and sale of the Property, Jeff Watson, the sheriff of Taylor County, filed a petition for interpleader and paid the funds generated from the sale into the registry of the court.[5] Davis, Fuji, Mindy, Warner Bates, Anthony, Wells Fargo Bank, NA ("Wells Fargo"), and American Express Centurian Bank ("American Express") were named as defendants. Davis, Fuji, Mindy, attorney Anthony, and Warner Bates each filed an answer to the interpleader petition claiming priority in the funds generated by the sheriff's sale,[6] and ultimately filed cross-motions for summary judgment. Following a hearing on the motions in January 2017,

---

[4] Fuji maintains that it did not receive the letter until after the auction was completed.

[5] The net proceeds from the sale total $214,664.31.

[6] In September 2014, Wells Fargo filed a writ of fieri facias in Taylor County reflecting a judgment in its favor against Robert. And in May 2015, American Express also filed a writ of fieri facias following judgment in its favor against Robert. Although both Wells Fargo and American Express were served in the interpleader action, neither filed a responsive pleading.

the trial court granted summary judgment in favor of Fuji and Mindy and denied summary judgment to Davis.[7] This appeal followed.

An attorney's lien arises upon the attorney's employment and is perfected by the ultimate recovery in favor of his client. *Carragher v. Potts*, 300 Ga. App. 735, 736 (1) (686 SE2d 348) (2009). Here, it is undisputed that the Property was recovered pursuant to the Decree as a result of Davis' legal services, such that the Property is subject to an attorney's lien. See *Lipton v. Warner, Mayoue & Bates, P.C.*, 228 Ga. App. 516, 518 (2) (492 SE2d 281) (1997) (upholding attorney lien on real property recovered pursuant to divorce judgment). Thus, we focus our inquiry on the priority of the various liens at issue.

Although attorney liens are recognized generally at OCGA § 44-14-320 (a) (11), attorney liens are governed more specifically by OCGA § 15-19-14. Relevant

---

[7] The trial court's order also noted that due to the settlement agreement between Fuji, Mindy, Anthony, and Warner Bates, the motion for summary judgment filed by Anthony and Warner Bates was mooted.

to this appeal, the right to impose an attorney's lien against real or personal property[8]

for services rendered is established at OCGA § 15-19-14 (c), which provides:

> Upon all actions for the recovery of real or personal property and upon all judgments or decrees for the recovery of the same, attorneys at law shall have a lien for their fees on the property recovered superior to all liens except liens for taxes, which may be enforced by mortgage and foreclosure by the attorneys at law or their lawful representatives as liens on personal property and real estate are enforced. The property recovered shall remain subject to the liens unless transferred to bona fide purchasers without notice.

And subsection (d) further provides:

> If an attorney at law files his assertion claiming a lien on property recovered in an action instituted by him, within 30 days after a recovery of the same, his lien shall bind all persons.

---

[8] Subsection (b), which concerns actions for money, provides:

attorneys at law shall have a lien superior to all liens except tax liens; and no person shall be at liberty to satisfy such an action, judgment, or decree until the lien or claim of the attorney for his fees is fully satisfied. Attorneys at law shall have the same right and power over the actions, judgments, and decrees to enforce their liens as their clients had or may have for the amount due thereon to them.

OCGA § 15-19-14 (b).

6

Id.

Although Davis admits that it has never recorded or filed an attorney's lien in any amount in Taylor County,[9] it nonetheless argues that under the plain language of OCGA § 15-19-14 (c) it may assert a lien in the interpleader action, that its lien is superior to every other lien except a tax lien, including Mindy and Fuji's subsequent judgment liens, and that the filing referenced in OCGA § 15-19-14 (d) is "purely discretionary and not mandatory to perfect [its] lien." We disagree.

In *Johnson v. Giraud*, 191 Ga. 577, 582-83 (2) (13 SE2d 365) (1941), our Supreme Court answered the question of whether an attorney must record a lien on property recovered in an action instituted by him in order to recover on the lien against subsequent creditors and the deadline for doing so under the predecessor to OCGA § 15-19-14,[10] explaining that "[a]n attorney is given the privilege of protecting his lien by recording his claim thereto, and his failure to avail himself of such privilege brings upon him the same disaster that befalls other lienholders who neglect

---

[9] It appears from the record that Davis did not specify the amount of its asserted attorney's lien until the motions for summary judgment were filed in the trial court.

[10] Ga. Code Ann. §§ 9-613 (3) & (4) (1933) governed attorney liens on real and personal property, using the same material language as the current version of the statute.

to record the lien as authorized by law." Id. at 583. And "in order to render the lien of an attorney binding upon bona fide purchasers, it is incumbent upon him to file his claim of lien for record, but . . . such filing is not essential to the validity of a lien as between the attorney and his client, or as between him and other creditors of the client." Id. The Supreme Court made clear, however, that this rule is limited to the client's *existing* creditors at the time the property is recovered and has no application to future creditors.[11] Id. Thus, only "[a] properly filed attorney's lien binds all persons including future lienholders and purchasers for value including bona fide purchasers." *Hester v. Chalker*, 222 Ga. App. 783, 784 (2) (476 SE2d 79) (1996). See also *Carragher*, 300 Ga. App. at 737-38 (1) (attorney lien filed within 30 days after property was recovered in settlement is binding against all persons).

Because Davis did not file its attorney's lien within 30 days of the date it recovered the Property for Robert, this lien does not bind future lienholders, including Mindy and Fuji, who became creditors after Robert recovered the Property. OCGA

---

[11] Davis' attempt to limit the holding of *Johnson* to only those future creditors who have "parted with money in favor of a property owner" is unpersuasive. The Supreme Court expressed no such limitation in *Johnson*, and subsequent cases relying on *Johnson* have interpreted its holding as simply applying to future creditors, regardless of whether those creditors parted with money in favor of a property owner. See *Hester*, 222 Ga. App. at 784 (2); *Ramsey v. Sumner*, 211 Ga. App. 202, 204 (438 SE2d 676) (1993); In *re Burnham*, 12 BR 286, 291 (N.D. Ga. 1981).

§ 15-19-14 (d); *Hester*, 222 Ga. App. at 784 (2). See also *In re Burnham*, 12 BR 286, 291 (N.D. Ga. 1981) (judgment lien creditors who acquire liens after the recovery of the property occupied positions similar to that of bona fide purchasers without notice). Accordingly, the trial court did not err in denying summary judgment to Davis and granting summary judgment in favor of Mindy and Fuji.[12]

*Judgment affirmed. Barnes, P. J., and Reese, J., concur.*

---

[12] In so holding, we need not address whether Davis properly raised and supported its attorney's lien in the trial court.